At a term of this Court for the Supreme Court of the State of New York

County of Onondaga, heard in the City of _____, New York

on the _____ day of _____, 2020

Present Honorable _____, Justice

**Supreme Court of the State of New York**
**County of Onondaga**

------------------------------------------------------------

In the Matter of Application of
Howard Griffith,
Petitioner,

-against-

Onondaga County
Respondent.

For a Judgment Pursuant to Article 78
of the Civil Practice Law and Rules

------------------------------------------------------------

ORDER TO SHOW CAUSE FOR
PETITION FOR NY CPLR ARTICLE 78
IN THE NATURE OF CERTIORARI FOR
MANDAMUS TO COMPEL

SU-2020-0058_

_2020 SEP 17  AM 11:0_
_RECEIVED_
_DISTRICT ATTORNEYS_
_OFFICE_

Upon the annexed affidavit of Howard Griffith, Petitioner in the matter proposed above, and
upon the exhibits attached thereto:

LET the Respondent in this matter show cause before this Court on the ____ day of _____,

2020, at the time of _____, on that day, or as soon thereafter as counsel can be heard why

this "information" [complaint] should not be provided with this petition for the commencement

of any necessary criminal procedures, to ~~not~~ satisfy the cause that a declaration needs to be

provided to establish precedent to help object broad demands for police reform as Petitioner

claims ambiguity provides these procedures can be joined with regard to how he is addressing

that [specific] lack of law enforcement (which has [specifically] failed to satisfy an outrageous

remedy, the remedy established for his conviction in a previous criminal proceeding), has

developed a substantive cause to provide this case needs to be addressed via a special

proceeding. Sufficient reason appearing therefore, it is:

ORDERED the "information" [complaint] provided with this petition needs to be immediately addressed with or without CPLR Article 78 having any substantive effect on it.

ORDERED personal or overnight mail service of a copy of this Order to Show Cause and the papers upon which it is granted upon the Respondents on or before the _____ day of _____, 2020, shall be deemed good and sufficient service thereof, and it is further

ORDERED that if Respondents do not wish to object this special proceeding, Respondents need to contact the Court and Petitioner immediately so that this procedure can be concluded.

Onondaga County Attorney
421 Montgomery Street
Syracuse, NY 13202
(315) 435-2170

Syracuse City Mayor, [CPLR 7802]
233 East Washington Street
Syracuse, NY 13202

Howard Griffith, pro se
2903 James Street, # 1R
Syracuse, NY 13206
(315) 741-7420

Entered:

Dated:

_____
Honorable



**Supreme Court of the State of New York**
**County of Onondaga**
--------------------------------------------------

In the Matter of Application of
Howard Griffith,
Petitioner,

-against-

Onondaga County
Respondent.

For a Judgment Pursuant to Article 78
of the Civil Practice Law and Rules
--------------------------------------------------

PETITION FOR NY CPLR ARTICLE 78
IN THE NATURE OF CERTIORARI FOR
MANDAMUS TO COMPEL

Doc ID: *040531750012 Type: COU
Kind: ARTICLE 78
Recorded: 09/16/2020 at 02:57:23 PM
Fee Amt: $0.00 Page 1 of 12
Transaction: PETITION
Onondaga County, NY
Lisa Dell County Clerk

**SU-2020-005851**

RECEIVED DISTRICT ATTORNEYS OFFICE 2020 SEP 17 AM 11:08

To: THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA:

I, Howard Griffith, am the petitioner with regard to the above entitled proceeding and I duly
depose and say under the penalty of perjury that the following is true:

The petition of Howard Griffith, complaining of Onondaga County, respectfully addresses how
due process provides a previous determination in a criminal proceeding in which he was
convicted for, upon which the developed remedy has intentionally not been satisfied by the
county ([specifically] failing to prevent Petitioner's previous defense from developing merit), has
established the fundamental basis upon which this action can be addressed via special
proceeding:

### Preliminary Statement

**1)** Petitioner, Howard Griffith, is witness to outrageous criminal activity on the property upon
which he shares a policy with Jan Nastri at 2817 James Street, Syracuse, NY 13206 (Eastwood
Office Building I) upon which are the grounds for the trash services provided for his housing

address: 2903 James Street, # 1R, Syracuse, NY 13206 (Eastwood Office Building II), upon

which the trash services can be deemed as a necessary utility for his [dwelling].

**2)** Petitioner has definitively witnessed the lots behind the Eastwood Office Buildings to be

grounds for the exchange of narcotics for the past four years of his dwelling as the entrance/exit

of his apartment is located in the rear of the Eastwood Office Building II, and more recently,

much more outrageous crimes.

**3)** Petitioner attempted to give his report to an officer of the Onondaga County Sheriff on July

27, 2020, and the officer completely rejected it and accused him of having psychiatric issues. **DR**

**20-368307**

### Nature of the Proceeding

**1)** On May 18, 2018, Petitioner contacted the Syracuse City Police Department in complaint of

loitering on the steps outside of his bedroom window. **DR 18-290076** He also contacted his

landlord, Jan Nastri, in complaint. No action was taken for this complaint.

**2)** On June 23, 2019, Petitioner attempted to take his own personal actions to make some young

females in a car leave the lot in the rear of Eastwood Office Building II as he claimed they were

invading the privacy ahead of the entrance of his apartment door. Petitioner's actions ended with

damages to the car. He was arrested for Criminal Mischief in the Fourth Degree, NY Penal Law

Section 145.00(1). **DR 19-338537**

**3)** Petitioner was prosecuted in the Syracuse City Court in the presence of Justice Limpert with a

representative from the office of the Onondaga County District Attorney representing the People.

**CR-10842-19**

**4)** Criminal Mischief in the Fourth Degree, NY Penal Law Section 145.00(1) states: *"A person is*

*guilty of criminal mischief in the fourth degree when, having no right to do so nor any*

2

*reasonable ground to believe that he or she has such right, he or she: intentionally damages*

*property of another person."*

**5)** Petitioner used his loitering complaint from May 18, 2018, **DR 18-290076**, as his fundamental

cause to attempt to develop the merits for his reason to believe he had the right to damage the

vehicle in the lot on June 23, 2019, while providing further cause, debating his landlord violated

the Warranty of Habitability, Real Property Law § 235-B: *"In every written or oral lease or*

*rental agreement for residential premises the landlord or lessor shall be deemed to covenant and*

*warrant that the premises so leased or rented and all areas used in connection therewith in*

*common with other tenants or residents are fit for human habitation and for the uses reasonably*

*intended by the parties and that the occupants of such premises shall not be subjected to any*

*conditions which would be dangerous, hazardous or detrimental to their life, health or safety.*

*When any such condition has been caused by the misconduct of the tenant or lessee or persons*

*under his direction or control, it shall not constitute a breach of such covenants and warranties."*

Petitioner claimed that the policy with his landlord provided that his residence was for the use of

his "private [dwelling]" and the invasion of privacy would be deemed dangerous, hazardous or

detrimental to his life, health or safety. Petitioner contested that just as the actions addressed with

regard to loitering on May 18, 2018, were of concern because it applied to the invasion of the

security of his privacy, it provided reason for him to believe he could challenge the people in the

car in the lot outside of his apartment to leave because the Syracuse City Police and his landlord

did not provide enforcement for the former.

**6)** Petitioner attempted to address this in a Motion to Dismiss Charges, Motion to Dismiss

Accusatory Instrument, and Motion to Dismiss Case. However, the Onondaga County District

Attorney repeatedly answered that his motions were "ludicrous" simply based on the facts that

proved he had caused the damages to the property and they needed to be addressed in trial.

Nevertheless, it is not a jury's duty to decide merits of law as the reason to believe Petitioner had

the right to cause damage to the property would have been with regard to the merits. However,

the settlement of the prosecution resulted in disorderly conduct, NY Penal Law 240.20, entirely

on the facts that petitioner had damaged the property and reimbursement was required along with

an order of protection for the female who was present in the driver's seat of the vehicle.

Nevertheless, the determination provided that there was no reason to believe Petitioner had

provided a good, fundamental cause to support a reason to believe he could cause the damages to

the property with regard to authorities not enforcing the former in satisfaction of the People's

contest that his reasons were "ludicrous". Nevertheless, this determination needs to be considered

that the Onondaga County District Attorney provided the confirmation that if Petitioner was ever

subject to conditions upon which he believed would be deemed "dangerous, hazardous or

detrimental to his life, health or safety" with regard to the policy provided by his landlord, which

may involve criminal intent, he could call the police. It needs to be deemed that the lot of the

"Eastwood Office Building I" is provided by the landlord as a part of his policy for his trash

services to maintain the [dwelling] of his residence. Just as the Onondaga County District

Attorney represented the People in the City of Syracuse, the Onondaga County Sheriff has

jurisdiction to enforce law in the City of Syracuse. **DR 20-368307** (CPLR 7802)

7) Without the Onondaga County Sheriff respecting this determination, due process provides this

"information [  ]" could have been satisfied to have been provided via special proceeding to

include a declaration in case future actions needed to have been taken in the case he believes the

current property he resides involves conditions which he considers may be deemed "dangerous,

hazardous or detrimental to his life, health or safety" with regard to the Points presented in paragraphs (1) through (6) as the nature of the cause would have been in reference to:

**A)** Recent bills passed by the New York State Legislature and signed by Governor Cuomo on June 12, 2020, made it difficult for Petitioner to attempt to describe his complaint **DR 20-368307** because the procedure was established with a 911 emergency call and he did not know if describing the perpetrators as African-American males could have him punished for a hate crime. Ignorance cannot be used as a defense.

**B)** It is too hard to presently study the bills to determine if there have been any statutory codes that have gone into effect, how it may affect any present proceedings and if there is a possibility for any retroactivity because the executive orders of Governor Cuomo with regard to the COVID-19 pandemic have resulted in the law library being closed in Onondaga County. Nevertheless, ignorance cannot be used as a defense.

**C)** It is important for Petitioner to address this via a special proceeding as due process has helped him obtain this right, and with this present in the court, scrutiny can be obtained to provide the court the opportunity to understand why he believed it was necessary to address this complaint because with more and more laws being established to determine a broader range of what can be interpreted as an abuse of freedom of speech, Petitioner feels that he has safely addressed this complaint in court to be provided for law enforcement. Contacting authorities has repeatedly seemed extremely confusing and difficult. **Syracuse City Police: DR 20-16385** (*Officer Goode accused Petitioner that it was his own fault for being held up atop of the steps at the entrance of his apartment with a knife by an intruder, making his own personal assumption of what actually happened, while insulting Petitioner.*); **DR 20-222496** (JHY 1651, Chevy Altima: *An African American male was parked in the car next to the steps of the Petitioner's residence smoking*

5

*marijuana and counting hundreds of dollars. He left before the police could respond and no*

*report was taken.)*

**D)** Petitioner feels threatened because he has noticed attempts to invade the privacy of his phone as he has never known of these kinds of attempts in the past. Petitioner made a 911 complaint of a male in a red vehicle dealing drugs in the parking lot behind his apartment in April, 2020. The Syracuse City Police removed the license plates and left the vehicle in the parking lot. The vehicle was removed from the parking lot following an emergency response between the Eastwood Office Buildings on June 9, 2020. The vehicle was moved back to the parking lot on the weekend of August 1, 2020, without any license plates. Also, Petitioner has epilepsy. Petitioner has not smoked marijuana in eighteen years. Petitioner received a "buzz" after smelling what he believed to be ducksfoot hybrid cannabis while taking out his trash on the night of July 27, 2020, after speaking to the sheriff, and later that night he had a seizure.

**8)** Nevertheless, Jan Nastri, provided a settlement with petitioner with regard to his concerns and causes presented in Points **(1)** through **(7)**. The settlement was with regard for the cause with the satisfaction of having the vehicle parked near the entrance/exit of his apartment, the vehicle identified with the proposed cause on August 1, 2020 through August 14, 2020, being moved near the location of what is believed to have been ducksfoot hybrid cannabis near the space provided for the services of his trash utility. This satisfied what was supposed to have been a proposed CPLR Article 78 draft, with a proposed order to show cause, signed on the 14th day of August, 2020, without verification, with regard to what was presented in points **(1)** through **(7)** with the inclusion of the first information presented below, in this petition. This was supposed to satisfy his concerns for Warranty for Habitability, NY Real Property Law Section 235-B, as Petitioner's intended action was not to have been taken because of the satisfaction for the

settlement upon which he agreed with Jan Nastri provided he would not be subjected to any conditions which would be dangerous, hazardous or detrimental to his life, health or safety.

9) Nevertheless, new precedent his been established as the provision of a census with the posting for 2903 James Street Apt. 5, with the Census ID: 9CKV-VYX5-89KP, was provided at his mailbox as there wasn't a previous address of 2903 James Street, Apt. 5, upon information and belief. There was also a letter with regard to a request for address correction provided without being addressed to any individual or individuals on the enclosed package of the letter, required to be corrected by Jan Nastri, as there was reason to believe this provided cause for a grounds for the amendment of Petitioner's address. (see attachments) Petitioner did not know if this had substance for error of law as he attempted to provide it for his Sex Offender Registry pursuant to NY Correction Law Article 168 with the Syracuse City Police Department on September 14, 2020, for remedy. However, the Syracuse City Police would not accept the provision and amended his address without providing an apartment number with objection (see attachment). Therefore, Petitioner provides this for the cause that he intends to amend his address to 2903 James Street, Apt. 5, Syracuse, NY 13206, to provide the remedy for further declaration that the conditions for the property provided by Jan Nastri may be deemed [dangerous] to his [life] regarding any lack of liberty or provision of prejudice with regard to the liberty and justice the premises provided by Jan Nastri may interfere with regarding his sex offender registry pursuant to "People v Griffith, 2001-0883-1". It needs to be deemed Jan Nastri has violated the settlement with regard to Warranty for Habitability, NY Real Property Law Section 235-B, as these proceedings are necessary to establish precedent for any remedy that may need to be provided for the defense of any possible prosecution of petitioner with regard to any possible errors regarding a provision of an invalid address for the purpose of sex offender registry.

7

**NY CPL 100.10 [  ]**

It was on the weekend of July 10, 2020, when I was seated at the entrance of my apartment in the

back lot when an African American, male stranger pulled into the lot of my residence with an

additional, female passenger, and he asked me where the address was of the Eastwood Office

Building I, and I referred to him across the road. I continued to relax at the entrance of my

apartment when I witnessed five additional African American, male strangers pull up and step

out of a gray sports utility vehicle at the lot at the same time that he did. I then recognized that

they greeted an older African American male whom I have witnessed being one of the few

people with access to that building for several months. I then noticed how the strangers kept

observing me out of concern unlike any of the other strangers who have performed their

exchange of narcotics at that lot over the past four years. I then witnessed them observing the

plants growing behind the dumpster, on the wall. It was the following morning when I had taken

out my trash and observed what appeared to satisfy the characteristics of ducksfoot hybrid

cannabis upon information and belief. It was during the following weekend on the night of July

18, 2020, when the lots behind the buildings were closed, with a new coating of pavement placed

on them, when I observed the strangers with the older African American male set outside of the

rear entrance. The black car owned by the older African American male was parked at a corner

of the road next to the lot of the apartment upon which I reside. He was still set outside when I

witnessed the alarm for his car set off for a brief moment before he turned it off as there was

nobody next to the vehicle. Afterwards, the trunk to his vehicle was opened by remote control

before he stepped inside with his guests. I continued to observe with my interest before I noticed

an African American male drive past the vehicle while he beeped his horn. I observed in

maintenance of interest, in opposition to boredom, as the trunk was not attended to for hours. I

recognized different individuals who I had witnessed enter the building with the older African American male step out of the building several times over that course of time to smoke cigarettes. It was later, when a silver car arrived, when an African American male stepped out of the vehicle in what appeared to be confusion and concern while the other African American males approached him as the older African American male approached his black car and closed the trunk. After the trunk was closed, they began walking back to the building, as they appeared to stutter and one of the males addressed the male who had just stepped out of the vehicle, "Are you coming up?" About ten minutes later, they came back out and approached the corner of the end of the building on the opposite end of the segment of the parking lot where I sat, the end of the segment opposite of the back corner of the parking lot, the corner next to the road. The lot was empty as four of the males stood about ten yards from me with their backs turned to me in what appeared to be an attempt to shield me from viewing around the corner as they viewed around the corner in what appeared to be a nervous state and that's when I heard what appeared to be a large object transferred from one vehicle to the next. After that, they went back across the road and entered the building in what appeared to be relief.

The following week, I witnessed a lot of people attending the building in what appeared to be new tenants obtaining office space. I also noticed that all of the people had documents which appeared to be some kind of a license. Jan Nastri, the landlord, was also attending the building as he may have been attending to preparations for his new tenants. The new tenants witnessed my observation in what most likely appeared to be with their upset upon information and belief.

The following weekend, I was sitting on the steps at the entrance to my apartment, speaking to my roommate, Rebecca Sklaney, when I witnessed the older African American male communicating with me with what appeared to be gestures upon information and belief. I later

observed the new sticker on the window of the entrance of the Eastwood Office Building I, and I read that the office space was being used for armed security services.

On July 27, 2020, I felt threatened by the observation of people at the building and I left with my roommate and attempted to contact 911 at Burger King on Thompson Road in the Town of Dewitt. **DR 20-368307**

### Nature of the Cause

**A)** Recent bills passed by the New York State Legislature and signed by Governor Cuomo on June 12, 2020, made it difficult for Petitioner to attempt to describe his complaint **DR 20-368307** because the procedure was established with a 911 emergency call and he did not know if describing the perpetrators as African-American males could have him punished for a hate crime. Ignorance cannot be used as a defense.

**B)** It is too hard to presently study the bills to determine if there have been any statutory codes that have gone into effect, how it may affect any present proceedings and if there is a possibility for any retroactivity because the executive orders of Governor Cuomo with regard to the COVID-19 pandemic have resulted in the law library being closed in Onondaga County. Nevertheless, ignorance cannot be used as a defense.

**C)** It is important for Petitioner to address this via a special proceeding as due process has helped him obtain this right, and with this present in the court, scrutiny can be obtained to provide the court the opportunity to understand why he believed it was necessary to address this complaint because with more and more laws being established to determine a broader range of what can be interpreted as an abuse of freedom of speech, Petitioner feels that he has safely addressed this complaint in court to be provided for law enforcement. Contacting authorities has repeatedly seemed extremely confusing and difficult. **Syracuse City Police: DR 20-16385** (*Officer Goode*

*accused Petitioner that it was his own fault for being held up atop of the steps at the entrance of his apartment with a knife by an intruder, making his own personal assumption of what actually happened, while insulting Petitioner.*); **DR 20-222496** (JHY 1651, Chevy Altima: *An African American male was parked in the car next to the steps of the Petitioner's residence smoking marijuana and counting hundreds of dollars. He left before the police could respond and no report was taken.*)

**D)** Petitioner feels threatened because he has noticed attempts to invade the privacy of his phone as he has never known of these kinds of attempts in the past. Petitioner made a 911 complaint of a male in a red vehicle dealing drugs in the parking lot behind his apartment in April, 2020. The Syracuse City Police removed the license plates and left the vehicle in the parking lot. The vehicle was removed from the parking lot following an emergency response between the Eastwood Office Buildings on June 9, 2020. The vehicle was moved back to the parking lot on the weekend of August 1, 2020, without any license plates. Also, Petitioner has epilepsy. Petitioner has not smoked marijuana in eighteen years. Petitioner received a "buzz" after smelling what he believed to be ducksfoot hybrid cannabis while taking out his trash on the night of July 27, 2020, after speaking to the sheriff, and later that night he had a seizure.

**E)** the provision of a census with the posting for 2903 James Street Apt. 5, with the Census ID: 9CKV-VYX5-89KP, was provided at his mailbox as there wasn't a previous address of 2903 James Street, Apt. 5, upon information and belief. There was also a letter with regard to a request for address correction provided without being addressed to any individual or individuals on the enclosed package of the letter, required to be corrected by Jan Nastri, as there was reason to believe this provided cause for a grounds for the amendment of Petitioner's address and this established precedent that the grounds for Warranty for Habitability has been violated.

**WHEREFORE,** Petitioner respectfully requests, with regard to the remedy developed with the determinations made in the Syracuse City Court in the presence of Justice Limpert **DR 19-338537; CR-10842-19** and with regard to the police report he intended to have made by the Onondaga County Sheriff **DR 20-368307,** and had failed to satisfy the remedy, that in order to satisfy the remedy, that judgment be entered pursuant to Article 78 of the Civil Practice Laws and Rules:

**ORDERING** this "information [   ]" be taken by Onondaga County with this verification to be provided for the purposes of enforcement of the law.

**GRANTING** such other relief as the Court may deem just and proper.

Howard Griffith, pro se

Dated: ~~Sept. 14, 2020~~ 09/16/2020

2903 James Street, # 1R
Syracuse, NY 13206

STATE OF NEW YORK
COUNTY OF ONONDAGA

Sworn before me this $\phi\omega$ day

of Sept , 2020

MELISSA SCHWARTZ
Notary Public - State of New York
NO. 04SC6162309
Qualified in Onondaga County
My Commission Expires 3 - 12 - 23

12

**Supreme Court of the State of New York**
**County of Onondaga**

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

In the Matter of Application of
Howard Griffith,
Petitioner,

-against-

Onondaga County
Respondent.

For a Judgment Pursuant to Article 78
of the Civil Practice Law and Rules

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

PETITION FOR NY CPLR ARTICLE 78
IN THE NATURE OF CERTIORARI FOR
MANDAMUS TO COMPEL

Draft

To: THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA:

The petition of Howard Griffith, complaining of Onondaga County, respectfully addresses how

due process provides a previous determination in a criminal proceeding in which he was

convicted for, upon which the developed remedy has intentionally not been satisfied by the

county ([specifically] failing to prevent Petitioner's previous defense from developing merit), has

established the fundamental basis upon which this action can be addressed via special

proceeding:

### Preliminary Statement

**1)** Petitioner, Howard Griffith, is witness to outrageous criminal activity on the property upon

which he shares a policy with Jan Nastri at 2817 James Street, Syracuse, NY 13206 (Eastwood

Office Building I) upon which are the grounds for the trash services provided for his housing

address: 2903 James Street, # 1R, Syracuse, NY 13206 (Eastwood Office Building II), upon

which the trash services can be deemed as a necessary utility for his [dwelling].

1

**2)** Petitioner has definitively witnessed the lots behind the Eastwood Office Buildings to be grounds for the exchange of narcotics for the past four years of his dwelling as the entrance/exit of his apartment is located in the rear of the Eastwood Office Building II, and more recently, much more outrageous crimes.

**3)** Petitioner attempted to give his report to an officer of the Onondaga County Sheriff on July 27, 2020, and the officer completely rejected it and accused him of having psychiatric issues. **DR 20-368307**

## Nature of the Proceeding

**1)** On May 18, 2018, Petitioner contacted the Syracuse City Police Department in complaint of loitering on the steps outside of his bedroom window. **DR 18-290076** He also contacted his landlord, Jan Nastri, in complaint. No action was taken for this complaint.

**2)** On June 23, 2019, Petitioner attempted to take his own personal actions to make some young females in a car leave the lot in the rear of Eastwood Office Building II as he claimed they were invading the privacy ahead of the entrance of his apartment door. Petitioner's actions ended with damages to the car. He was arrested for Criminal Mischief in the Fourth Degree, NY Penal Law Section 145.00(1). **DR 19-338537**

**3)** Petitioner was prosecuted in the Syracuse City Court in the presence of Justice Limpert with a representative from the office of the Onondaga County District Attorney representing the People. **CR-10842-19**

**4)** Criminal Mischief in the Fourth Degree, NY Penal Law Section 145.00(1) states: *"A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she: intentionally damages property of another person."*

2

**5)** Petitioner used his loitering complaint from May 18, 2018, **DR 18-290076**, as his fundamental cause to attempt to develop the merits for his reason to believe he had the right to damage the vehicle in the lot on June 23, 2019, while providing further cause, debating his landlord violated the Warranty of Habitability, Real Property Law § 235-B: *"In every written or oral lease or rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety. When any such condition has been caused by the misconduct of the tenant or lessee or persons under his direction or control, it shall not constitute a breach of such covenants and warranties."* Petitioner claimed that the policy with his landlord provided that his residence was for the use of his "private [dwelling]" and the invasion of privacy would be deemed dangerous, hazardous or detrimental to his life, health or safety. Petitioner contested that just as the actions addressed with regard to loitering on May 18, 2018, were of concern because it applied to the invasion of the security of his privacy, it provided reason for him to believe he could challenge the people in the car in the lot outside of his apartment to leave because the Syracuse City Police and his landlord did not provide enforcement for the former.

**6)** Petitioner attempted to address this in a Motion to Dismiss Charges, Motion to Dismiss Accusatory Instrument, and Motion to Dismiss Case. However, the Onondaga County District Attorney repeatedly answered that his motions were "ludicrous" simply based on the facts that proved he had caused the damages to the property and they needed to be addressed in trial. (*see* attachments) Nevertheless, it is not a jury's duty to decide merits of law as the reason to believe

3

Petitioner had the right to cause damage to the property would have been with regard to the merits. However, the settlement of the prosecution resulted in disorderly conduct, NY Penal Law 240.20, entirely on the facts that petitioner had damaged the property and reimbursement was required along with an order of protection for the female who was present in the driver's seat of the vehicle. (*see* attachment) Nevertheless, the determination provided that there was no reason to believe Petitioner had provided a good, fundamental cause to support a reason to believe he could cause the damages to the property with regard to authorities not enforcing the former in satisfaction of the People's contest that his reasons were "ludicrous". Nevertheless, this determination needs to be considered that the Onondaga County District Attorney provided the confirmation that if Petitioner was ever subject to conditions upon which he believed would be deemed "dangerous, hazardous or detrimental to his life, health or safety" with regard to the policy provided by his landlord, which may involve criminal intent, he could call the police. It needs to be deemed that the lot of the "Eastwood Office Building I" is provided by the landlord as a part of his policy for his trash services to maintain the [dwelling] of his residence. Just as the Onondaga County District Attorney represented the People in the City of Syracuse, the Onondaga County Sheriff has jurisdiction to enforce law in the City of Syracuse. **DR 20-368307** (CPLR 7802) Without the Onondaga County Sheriff respecting this determination, due process provides this "information [ ]" needs to be provided via special proceeding to include a declaration in case future actions need to be taken in the case he believes the current property he resides involves conditions which he considers may be deemed "dangerous, hazardous or detrimental to his life, health or safety", with regard to criminal intentions.

4

## NY CPL 100.10 [ ]

It was on the weekend of July 10, 2020, when I was seated at the entrance of my apartment in the back lot when an African American, male stranger pulled into the lot of my residence with an additional, female passenger, and he asked me where the address was of the Eastwood Office Building I, and I referred to him across the road. I continued to relax at the entrance of my apartment when I witnessed five additional African American, male strangers pull up and step out of a gray sports utility vehicle at the lot at the same time that he did. I then recognized that they greeted an older African American male whom I have witnessed being one of the few people with access to that building for several months. I then noticed how the strangers kept observing me out of concern unlike any of the other strangers who have performed their exchange of narcotics at that lot over the past four years. I then witnessed them observing the plants growing behind the dumpster, on the wall. It was the following morning when I had taken out my trash and observed what appeared to satisfy the characteristics of ducksfoot hybrid cannabis upon information and belief. It was during the following weekend on the night of July 18, 2020, when the lots behind the buildings were closed, with a new coating of pavement placed on them, when I observed the strangers with the older African American male set outside of the rear entrance. The black car owned by the older African American male was parked at a corner of the road next to the lot of the apartment upon which I reside. He was still set outside when I witnessed the alarm for his car set off for a brief moment before he turned it off as there was nobody next to the vehicle. Afterwards, the trunk to his vehicle was opened by remote control before he stepped inside with his guests. I continued to observe with my interest before I noticed an African American male drive past the vehicle while he beeped his horn. I observed in maintenance of interest, in opposition to boredom, as the trunk was not attended to for hours. I

recognized different individuals who I had witnessed enter the building with the older African American male step out of the building several times over that course of time to smoke cigarettes. It was later, when a silver car arrived, when an African American male stepped out of the vehicle in what appeared to be confusion and concern while the other African American males approached him as the older African American male approached his black car and closed the trunk. After the trunk was closed, they began walking back to the building, as they appeared to stutter and one of the males addressed the male who had just stepped out of the vehicle, "Are you coming up?" About ten minutes later, they came back out and approached the corner of the end of the building on the opposite end of the segment of the parking lot where I sat, the end of the segment opposite of the back corner of the parking lot, the corner next to the road. The lot was empty as four of the males stood about ten yards from me with their backs turned to me in what appeared to be an attempt to shield me from viewing around the corner as they viewed around the corner in what appeared to be a nervous state and that's when I heard what appeared to be a large object transferred from one vehicle to the next. After that, they went back across the road and entered the building in what appeared to be relief.

The following week, I witnessed a lot of people attending the building in what appeared to be new tenants obtaining office space. I also noticed that all of the people had documents which appeared to be some kind of a license. Jan Nastri, the landlord, was also attending the building as he may have been attending to preparations for his new tenants. The new tenants witnessed my observation in what most likely appeared to be with their upset upon information and belief.

The following weekend, I was sitting on the steps at the entrance to my apartment, speaking to my roommate, Rebecca Sklaney, when I witnessed the older African American male communicating with me with what appeared to be gestures upon information and belief. I later

6

observed the new sticker on the window of the entrance of the Eastwood Office Building I, and I read that the office space was being used for armed security services.

On July 27, 2020, I felt threatened by the observation of people at the building and I left with my roommate and attempted to contact 911 at Burger King on Thompson Road in the Town of Dewitt. **DR 20-368307**

## Nature of the Cause

**A)** Recent bills passed by the New York State Legislature and signed by Governor Cuomo on June 12, 2020, made it difficult for Petitioner to attempt to describe his complaint **DR 20-368307** because the procedure was established with a 911 emergency call and he did not know if describing the perpetrators as African-American males could have him punished for a hate crime. Ignorance cannot be used as a defense.

**B)** It is too hard to presently study the bills to determine if there have been any statutory codes that have gone into effect, how it may affect any present proceedings and if there is a possibility for any retroactivity because the executive orders of Governor Cuomo with regard to the COVID-19 pandemic have resulted in the law library being closed in Onondaga County. Nevertheless, ignorance cannot be used as a defense.

**C)** It is important for Petitioner to address this via a special proceeding as due process has helped him obtain this right, and with this present in the court, scrutiny can be obtained to provide the court the opportunity to understand why he believed it was necessary to address this complaint because with more and more laws being established to determine a broader range of what can be interpreted as an abuse of freedom of speech, Petitioner feels that he has safely addressed this complaint in court to be provided for law enforcement. Contacting authorities has repeatedly seemed extremely confusing and difficult. **Syracuse City Police: DR 20-16385** (*Officer Goode*

*accused Petitioner that it was his own fault for being held up atop of the steps at the entrance of*

*his apartment with a knife by an intruder, making his own personal assumption of what actually*

*happened, while insulting Petitioner.*); **DR 20-222496** (JHY 1651, Chevy Altima: *An African*

*American male was parked in the car next to the steps of the Petitioner's residence smoking*

*marijuana and counting hundreds of dollars. He left before the police could respond and no*

*report was taken.*)

**D)** Petitioner feels threatened because he has noticed attempts to invade the privacy of his phone

as he has never known of these kinds of attempts in the past. Petitioner made a 911 complaint of

a male in a red vehicle dealing drugs in the parking lot behind his apartment in April, 2020. The

Syracuse City Police removed the license plates and left the vehicle in the parking lot. The

vehicle was removed from the parking lot following an emergency response between the

Eastwood Office Buildings on June 9, 2020. The vehicle was moved back to the parking lot on

the weekend of August 1, 2020, without any license plates. Also, Petitioner has epilepsy.

Petitioner has not smoked marijuana in eighteen years. Petitioner received a "buzz" after

smelling what he believed to be ducksfoot hybrid cannabis while taking out his trash on the night

of July 27, 2020, after speaking to the sheriff, and later that night he had a seizure.


**WHEREFORE,** Petitioner respectfully requests, with regard to the remedy developed with the

determinations made in the Syracuse City Court in the presence of Justice Limpert **DR 19-**

**338537; CR-10842-19** and with regard to the police report he intended to have made by the

Onondaga County Sheriff **DR 20-368307,** and with regard to how the sheriff failed to satisfy the

remedy required by the court decision, that in order to satisfy the remedy, judgment be entered

pursuant to Article 78 of the Civil Practice Laws and Rules:

8

**ORDERING** this "information [ ]" be taken by Onondaga County with this verification to be provided for the purposes of enforcement of the law.

**GRANTING** such other relief as the Court may deem just and proper.

*Howard Griffith*
Howard Griffith, pro se
Dated: August 14, 2020
2903 James Street, # 1R
Syracuse, NY 13206

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF ONONDAGA)ss.:

I, Howard Griffith, duly depose and say that the facts and information provided in this petition are true to the best of my knowledge.

_____
Howard Griffith

Sworn to before me this ____ day of _____, 2020

_____

Draft
Attachment
Howard Griffith
September 16, 2020

9

ORI No.: NY033011J
Order No.: 2019-003028
NYSID No: 09080639R
CJTN No: 069100162N

At a term of the Syracuse City Court, County of Onondaga, at the Courthouse at 505 S. State Street, Syracuse, NY 13202, State of New York

PRESENT:  Honorable Theodore H. Limpert

**ORDER OF PROTECTION**
Non-Family Offense - C.P.L. 530.13[1]
(Not involving victims of domestic violence)
☐ Youthful Offender (check if applicable)
Part: **THL Calendar**  Case No.: **CR-10824-19**

**PEOPLE OF THE STATE OF NEW YORK**
- against -

Howard W. Griffith ,
**Defendant**

DOB: ████/1980                              Defendant Present in Court

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

☐    **TEMPORARY ORDER OF PROTECTION** - Whereas good cause has been shown for the issuance of a temporary order of protection

☒    **ORDER OF PROTECTION** - Whereas defendant has been convicted of [specify crime or violation]:
   **PL 240.20 V Disorderly Conduct, 1 count(s) of Viol**

   And the Court having made a determination in accordance with section 530.13 of the Criminal Procedure Law,

**IT IS HEREBY ORDERED** that the above-named defendant Howard W. Griffith (DOB: ████1980) observe the following conditions of behavior:

>        Stay away from          Onsty Harper;

>            the home of Onsty Harper;

>            the school of Onsty Harper;

>            the business of Onsty Harper;

>            the place of employment of Onsty Harper;

>        Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with Onsty Harper;
>        Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats or any criminal offense or interference with the victim or victims of , or designated witnesses to, the alleged offense and such members of the family or household of such victim(s) or witness(es) as shall be specifically named Onsty Harper;

**IT IS FURTHER ORDERED** that this order of protection shall remain in force until and including 10/01/2020.

**DATED:** 10/01/2019

                                                              _____
                                                              Honorable Theodore H. Limpert

☒ Defendant advised in Court of issuance and contents of Order.

☐ **Order to be served by other means [specify]:** _____

☐ **Warrant issued for Defendant**

☒ **Order personally served on Defendant in Court**     *Howard Griffith*
                                                              (Defendant's signature)

☐ ADDITIONAL SERVICE INFORMATION [specify]: _____

The **Criminal Procedure Law** provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize, and in some situations may require, such officer to arrest a defendant who has violated its terms and to bring him or her before the Court to face penalties authorized by law.
**Federal law** requires that this order must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person against whom the order is sought is an intimate partner of the protected party and has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 U.S.C. §§2265, 2266).
**It is a federal crime to:**
 · cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
 · buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty); and
 · buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired. (18 U.S.C. §§ 922(g)(8), 922(g)(9), 2261, 2261A, 2262).

¹ Use this form for non-family offense orders of protection, issued pursuant to CPL 530.13, that are not issued to protect victims of family offenses, intimate partners and family and household member and are not entered onto the statewide domestic violence registry. See Exec. L. §221-a(1); CPL §§530.11(1), 530.12(1), 530.13.

Municipal Court of the City of Syracuse
--------------------------------------------------

People of the State of New York,
Plaintiffs,

               v.

Howard Griffith,
Defendant.
--------------------------------------------------

State of New York)
County of Onondaga)ss.:

Affidavit of Service of Motions to Dismiss Charges of
Criminal Mischief 4th, NY PL 145.00(1) by
Delivery in Person

DR # 19-338537

I, Howard Griffith, am the Defendant for the above referenced proceeding and I duly depose and say:

      I delivered copies of Motions to Dismiss Charges in reference to the above entitled proceeding,

by delivery in person, serving an original copy to the Onondaga County Clerk, and exact copies of the

same to the Municipal Court of the City of Syracuse, New York; and the District Attorney of the State of

New York/County of Onondaga, via delivery, by delivering in person, on the 28th day of June, 2019, by

delivering in person to the known addresses of each party at the following known addresses:

**1)** The Onondaga County Clerk, 401 Montgomery Street, Syracuse, NY 13202

**2)** The Clerk of the Syracuse City Court, 505 South State Street, Syracuse, NY 13202

**3)** The Onondaga County District Attorney, 505 South State Street, Syracuse, NY 13202

Being the only known parties to this proceeding, being the last known addresses for these parties and that

Howard Griffith is the Defendant to the above entitled proceeding whom has served the copies of these

Motions to Dismiss Charges, by delivery in person, to these known parties.



Howard Griffith

Sworn to before me this 28th day of June, 2019

MELISSA S WOOD
Notary Public - State of New York
NO. 04WO6164070
Qualified In Onondaga County
My Commission Expires 4/9/23

FILED

JUN 2 8 2019

ONONDAGA CO CLERKS OFFICE

Municipal Court of the City of Syracuse

------------------------------------------------

| | |
|---|---|
| People of the State of New York, Plaintiffs, | Notice of Motion to Dismiss Charges of Criminal Mischief 4th, NY PL 145.00(1) |
| V. | DR # 19-338537 |
| Howard Griffith, Defendant. | |

------------------------------------------------

**PLEASE TAKE NOTICE,** Defendant will apply to this court on the 11th day of

July, 2019, or as soon thereafter provided, in the Municipal Court of the City of

Syracuse, to dismiss the charges of Criminal Mischief in the Fourth Degree, NY

Penal Law 145.00(1), in reference to the arrest made by the City of Syracuse Police

Department, DR # 19-338537, arresting Defendant of Criminal Mischief 4th, NY

Penal Law 145.00(1), on the 23rd day of June, 2019.

Howard Griffith

Dated: June 27, 2019

cc.: Onondaga County Clerk
   Clerk of the Syracuse City Court
   William J. Fitzpatrick, Esq.

Howard Griffith, pro se
2903 James Street, # 1R
Syracuse, NY 13206

Attachments:
  **(1)** Appearance Ticket DR # 19-338537
  **(2)** Lease Policy Between Lessor, Jan Nastri, and Tenants, Howard Griffith
  and Rebecca Sklaney, signed August 04, 2016
  **(3)** Rent Receipts: July 2016 to June 2019
  **(4)** Rebecca Sklaney's Supporting Affidavit

FILED

JUN 2 7 2019

ONONDAGA CO CLERKS OFFICE

Municipal Court of the City of Syracuse

---------------------------------------------------

People of the State of New York,   Motion to Dismiss Charges of
Plaintiffs,                        Criminal Mischief 4th, NY PL 145.00(1)

               V.                  DR # 19-338537

Howard Griffith,
Defendant.

---------------------------------------------------

State if New York)
County of Onondaga) ss.:

I, Howard Griffith, am the Defendant, in reference to the arrest for the charges with

the DR # of 19-338537, posted above, arrested by the City of Syracuse Police

Department, on the 23rd day of June, 2019, scheduled to appear in front of the

Municipal Court of the City of Syracuse, on the 11th day of July, 2019, at the hour

of 9:30 am, and I duly depose and say:


**PRELIMINARY MATTER**

I, Howard Griffith, share an apartment with my roommate, Rebecca Sklaney, at

2903 James Street, Apartment 1R, Syracuse, NY 13206. The entrance/exit of our

apartment is atop of a small porch with a small set of steps about four feet high

with no walls or full barriers on the North end of the porch where the steps are

located and only a partial barrier upon the eastern edge of the porch which extends

about three feet high, at a right angle from the door of our apartment. There is a

full wall on the Western edge of our porch, and the floor of our porch is about forty

square feet. This is the only entrance or exit to our apartment.

At the base of the entrance/exit to our apartment is a parking lot, open for

"parking" to the public, which has seven parking spaces and a no-parking space at

the base of our apartment steps. The entrance/exit for vehicle parking in the

parking lot is on the Western end of the parking lot at North Edwards Street.

Another entrance into the parking lot, only to have the possibility to be entered by

pedestrians, is an alley about five feet wide which extends from James Street along

the Eastern edge of the building. The ground of this alley passes about seven feet

under all of the windows to our apartment and it passes by the Northeast portion of

our porch, the area which has no barriers as opposed to the Southwest portion of

our porch which has full barriers. Our landlord, Jan Nastri, has no loitering signs

posted on the walls in the parking lot.

The location of our only entrance/exit to our apartment in regards to its

surroundings can easily make it subject to a location of threats of my roommate's,

Rebecca Sklaney's, and my safety in regards to violations of our privacy or

possibilities much worse.

## STATEMENT OF FACTS

1) At about the hour of 2:00 am, on June 23rd, 2019, I was present at my apartment, as I had the door to the entrance/exit of my address, in the rear of the building, opened, while I was cleaning my apartment. My roommate, Rebecca Sklaney, was also present in our apartment.

2) While I was cleaning, I noticed some people were parking their car directly across from the entrance/exit to our apartment. After they had parked, I noticed that they were playing loud music; they had stepped out of the car and appeared to be dancing, as I assumed they may have been under the influence of alcohol or controlled substances, via the appearance of their misbehavior.

3) I became nervous that I was under the threat of an invasion of my privacy and the threat of harassment, or a much more serious threat if I had to be subject to extend my security in violation of the liberty my landlord, Jan Nastri, or the Syracuse City Police Department should have been responsible in providing for me.

4) I asked my roommate, Rebecca Sklaney, to accompany me, while I brought out the trash, as I was preparing to ask them to leave in the process.

5) I had grabbed a ten-pound dumbbell in case I needed to use it as a weapon if the extensiveness of the initial threats became more serious as our privacy was already being threatened.

6) When I approached the vehicle with Rebecca Sklaney, the people were at that point all inside of it as it appeared to be several young females, yet they were still creating a disturbance as they were appearing to be loud and obnoxious.

7) I asked them to leave several times as they continued to be rebuke me with an attitude telling me,"Don't you tell us what to do!"

8) After repeating several times, to the extent I had to demand that they leave, it appeared they were leaving as they began to back out before I noticed they began driving the car towards me.

9) As they continued to drive towards me, I initially gave it the benefit of the doubt they were just harassing me a little as I assumed they would eventually stop, but as I began to walk backwards, as they continued to approach, I began to lose my balance before I put my hand on the hood to quickly gain my balance while hopping out of the way and throwing the dumbbell at the windshield to shield myself long enough in case I had to run for cover.

10) As I was preparing to move for cover, that's when I recognized police were close by as I noticed emergency lights when I was prepared to cross behind the car

and I saw in the distance, at the Southwest corner of James Street and North Edwards Street, that the police were located on the block I am assuming was just one block west from the front of the building my roommate and I live in on James Street.

11) The police came over and made the young females leave the scene as they arrested me for Criminal Mischief in the Fourth Degree as the police objected, "If you were having this problem, all you had to do was call us."

## STATEMENT OF LAWS

I) Criminal Mischief in the Fourth Degree, NY Penal Law 145.00(1), states: "A person is guilty of Criminal Mischief in the Fourth Degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she (1) intentionally damages property of another person."

II) Loiter means: to violate a law or ordinance that prohibits persons from remaining in a given location without a clear purpose for extended periods of time, especially when behaving in a manner indicating a possible threat to persons or property in the vicinity.

III) Privacy means the state or condition of not being observed or disturbed by other people.

IV) In May of 2018, my roommate and I were concerned about our privacy being violated as a young female had repeatedly been loitering on some steps that extended to a separate area of the building which were just outside of our bedroom window as she smoked and coughed, extremely distracting our privacy.

V) When I asked her to leave, she told me that she didn't have to because she told me that somebody she assumed was the owner of the building said that she could sit there. I contacted the landlord's, Jan Nastri's, office, and his receptionist told me to just try to ignore her.

VI) I contacted the police and Rebecca Sklaney and I discussed our complaint with Officer Lafaver of the Syracuse City Police Department on the 18th day of May, 2018, as he was upset and stubborn, rebuking he had more important calls to attend to as no police report was taken. The DR # was 18-290076.

VII) To make the young female leave altogether, I had to succeed to the extensiveness of rebuking her with a loud, vulgar, intimidating expression as I ripped up her scratch off ticket, stomped out her cigarette and threw her beer into the road.

VIII) In Part 6 of the policy for Rebecca Sklaney's and my policy with Jan Nastri, it explains that the sole purpose for the use and occupancy of the apartment is for our private dwelling.

IX) NYS Real Property Law Section 235-B(1), Warranty of Habitability, states: "In every written or oral lease or rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety. When any such condition has been caused by the misconduct of the of the tenant or lessee or persons under his direction or control, it shall not constitute a breach of such covenants or warranties.

## CONCLUSION

In the case of the policy we agree to with our landlord to provide the use of our apartment for our private dwelling, pursuant to NYS Real Property Law Section 235-B, Warranty of Habitability, it is necessary that the landlord provides that loitering be prosecuted if violated on his premises to protect our safety from our privacy being invaded as this should provide the extensiveness for the police to enforce this. To the extent that the landlord, Jan Nastri, and the Syracuse City Police Department have refused to enforce this in the past for the safety required

by this law that we be provided for, and with the fact that the loitering of the

females in the car around the hour of 2:00 am, on June 23, 2019, extended to which

may have been a life and death situation, Defendant, Howard Griffith, has provided

good reason for the charges of Criminal Mischief in the Fourth Degree, 145.00(1),

for his arrest on June 23, 2019, DR # 19-338537, be dismissed.

Howard Griffith
_____
Howard Griffith

Sworn to before me this 27ᵀᴴ day of JUNE , 2019

GREGORY J. RILEY
Notary Public- State of New York
No. 01RI6342700
Qualified in Onondaga County
My Commission Expires 05/23/2020

8

# Appearance Ticket

Cr. Ar___ Maurice W

107729

APPEARANCE TICKET

C.P.L. 150.10      D.R. # A-338537

| LAST NAME | FIRST | MIDDLE |
|---|---|---|

TO: 2903 James St   Apt 1R
STREET ADDRESS

Syracuse   NY   13206
CITY OR TOWN   STATE   ZIP

NYS DL _____ 8c
IDENTIFICATION SHOWN   D.O.B.

## PRE-ARRAIGNMENT BAIL

PRE-ARRAIGNMENT BAIL IS FIXED IN THE FOLLOWING

AMOUNT _____ RECEIPT WHEREOF

IS HEREBY ACKNOWLEDGED AND THE PERSON ARRESTED HEREIN
IS RELEASED FROM CUSTODY TO APPEAR AS HEREIN DIRECTED.

**NOTICE:** IF PROVISION FOR BAIL IS HONORED, OFFICIAL ACCEPTING BAIL MUST FILL OUT COMPLETE TICKET. ONLY AFTER RECEIVING BAIL.

AUTHORIZED
OFFICER _____

DEPT. &
RANK _____

Upon Your Failure to Appear as Herein Directed, the Bail Posted Will be Forfeited.

YOU ARE HEREBY NOTIFIED TO APPEAR PERSONALLY IN THE

CITY COURT – CRIMINAL DIVISION
505 S. STATE ST., SYRACUSE, NEW YORK

ON Thursday, July 11, 20 19, AT 0930 AM

TO ANSWER A CHARGE OF Criminal Mischief 4th

AN OFFENSE, COMMITTED AT

2903 James St   IN THE CITY OF SYRACUSE, N.Y.

ON THE 23   DAY OF June, 20 19   AT   A M

IN VIOLATION OF SECTION PL 145.00 SUB. DIV 01   OF

THE GENERAL ORDINANCES OF THE CITY OF SYRACUSE/

Penal   LAWS OF THE STATE OF NEW YORK. PERSONALLY

ISSUED AND SERVED THIS 23   DAY OF June, 20 19.

OFFICER SIGNATURE   Ser. No.

DEFENDANT COPY

**N O T I C E :** UPON YOUR FAILURE TO APPEAR AS ABOVE DIRECTED, A CRIMINAL SUMMONS OR A WARRANT FOR YOUR ARREST MAY BE ISSUED.

rm D240 (10/72)

# Address Lease

**LANDLORD:      NASTRI REAL ESTATE - J. NASTRI
                2501 JAMES ST., SYRACUSE, NY  13206
                CONTACT: CATHY KHAMMAR  437-1037**

**TENANT:**    Howard Griffith & Rebecca Sklaney
**ADDRESS:**   2903 James St., Lower Rear, Syracuse, NY  13206

1. **Tenant agrees to pay $575.00 per month. Tenant is responsible for all utilities. Tenant is to pay on the FIRST day of each month from July 1, 2016 to June 30, 2017.**

2. Tenant agrees not to sublet any part of apartment or move anyone else into apartment without written consent of the Landlord.  Except as permitted by Real Property Law Section 235-f.

3. **SECURITY DEPOSIT:**  SIX HUNDRED TWENTY-FIVE AND 00/100 DOLLARS ($625.00)

Shall be deposited with us upon the signing of this Lease and be held by us until this Agreement is terminated. It is security for the full and faithful performance of all the terms and conditions of this Lease. For your protection, it will be kept in a security-deposit account at the HSBC. The full security deposit shall be returned within a reasonable time after termination of this agreement, except as follows: you authorize us to deduct from your security deposit the following charges if applicable: 1) At our option, any and all unpaid rent and late charges. You may not use said deposit in payment of rent during or at termination of this Lease. 2) Any judgment and Court costs resulting from enforcement of the terms and provisions of this Lease.

3) The cost of any repairs, replacement, redecorating, and/or refurbishing of the premises, including fixtures, systems, or appliances, necessitated because of other than reasonable wear and tear as more fully explained in paragraph 5 of this lease. 4) Costs and expenses arising from your breach of any of the provisions of this Lease. 5) A reasonable cleaning expense if you do not leave the premises in a clean and rentable condition at the time you vacate. *** SECURITY DEPOSIT MAY NOT BE USED AS LAST MONTH'S RENT*** PLEASE NOTE LANDLORD IS NOT REQUIRED TO KEEP SECURITY DEPOSITS IN  INTEREST BEARING ACCOUNTS FOR ANY PROPERTIES THAT HAVE UNDER 6 UNITS.

4. **DELINQUENT RENT PAYMENTS** Our ability to provide you with service rests in a large part on our receiving monthly rental income promptly. For this reason, if we fail to receive your monthly rent installments on or before the close of business on the FIFTH day after your due date, you shall pay us, in addition to the rent installment, the sum of ($5.00) as liquidated damages to compensate for the added expense of processing such delinquent accounts, and $1.00 PER DAY for each additional day after the fifth day until said rent is paid.



TENANT:  **Howard Griffith & Rebecca Sklaney**
ADDRESS:  **2903 James St., Lower Rear, Syracuse, NY  13206**

You shall also pay such reasonable legal fees we may incur in the collection of the rent, and a PENALTY of $25.00 for insufficient checks returned. Furthermore, in the event your rental payment shall not be received by the FIFTH day after the due date in any three months during the term of this Lease, we shall have the option to either 1) convert *this* Lease to a month-to-month tenancy by sending you written notice to that effect, or 2) terminate this Lease upon giving you TEN (10) days written notice thereof.

**5. DAMAGES TO PREMISES**: We agree to repair with reasonable promptness and without charge any damages caused by reasonable wear and tear or by forces beyond your control. However, *YOU AGREE TO PAY* for damages caused by your misuse or that of your family, friends, and visitors, INCLUDING BUT NOT LIMITED TO PLUMBING PROBLEMS WITH TOILETS AND GARBAGE DISPOSALS RELATED TO IMPROPER USE, i.e., OBJECTS OTHER THAN HUMAN WASTE IN THE TOILET AND ITEMS OTHER THAN FOOD IN THE GARBAGE DISPOSAL. *You will receive an invoice for charges related to service calls for such repairs.* You shall not remodel or make any structural changes to the leased premise, nor shall attach or remove any fixtures without our prior written permission and then only by contractors or mechanics approved by us. We shall NOT be responsible for damage to, or loss of, YOUR personal property stored in the premises unless caused by our negligence. **YOU MUST protect your personal property with YOUR OWN INSURANCE.**

6. **USE & OCCUPANCY**. You shall personally use and occupy the leased premises solely as a private dwelling for yourself and your immediate family unless the application provides otherwise. Except as permitted by Real Property Law Section 235-f. You agree that the number of occupants shall not exceed the number shown on the application. Except as permitted by Real Property Law Section 235-f. You shall use the premises in such a manner as to comply with all local, county and state laws and shall not use the premises or permit them to be used for any disorderly or unlawful purpose or in any manner offensive to other occupants of the building. All vehicles are to be parked in parking areas away from building. No changing of tires, oil, or ANY mechanical repairs on premises. All unregistered vehicles will be towed at OWNER'S EXPENSE.

7. **RULES & REGULATIONS**. You agree that a signed copy of the restrictions as to the use of the premises is incorporated as a part of this Lease by reference. In order to preserve fullest benefits to all concerned, it may be necessary to amend the rules from time to time. You hereby agree to abide by such changes as they may become necessary. You hereby agree that any violation of any of the provisions of this Lease or the restrictions, rules and regulations by you, a member of your family/guest, shall be considered a substantial violation of this Lease and tenancy.

TENANT:     **Howard Griffith & Rebecca Sklaney**
ADDRESS:    **2903 James St., Lower Rear, Syracuse, NY   13206**

8. **ACCESS**. In order to provide both routine and emergency maintenance service, we retain a passkey to your apartment. Service requests made by you will be taken care of within a reasonable time. If we enter the apartment in your absence, we shall leave a note explaining the purpose of the call and the name of our employee. We reserve the right, during the last sixty (60) days of your lease term, to show your apartment to prospective tenants at reasonable hours. We will, of course, make a prior appointment with you for our visit.

9. **ELECTRIC LIGHT BULBS**. We shall supply your apartment with electric light bulbs and fluorescent starters at the time you move in. You agree to furnish replacements thereafter, and leave all bulbs in proper working order when vacating the apartment. Tenant is responsible for fuses.

10. **DISTURBING NOISES.** You agree not to make, or permit to be made, any disturbing noise, nor shall you commit or permit any act, which will unreasonably interfere with the rights, comforts or convenience of any residents. You shall keep the volume of any radio, TV, or musical instrument sufficiently reduced at all times so as not to disturb other residents in the building and the complex, and shall not conduct or permit to be conducted, vocal or instrumental practice or instruction.

11. **REMOVAL FOR UNREASONABLE CONDUCT**. It is not our wish to restrict your enjoyment of the leased premises and our recreational facilities. However, if at any time we find YOUR conduct or that of your VISITORS unreasonable or obnoxious, we shall ask that such conduct cease. If after notification the conduct continues, then we shall have the right to terminate this Lease by giving you personally, or by leaving at the leased premises, a five (5) day written notice of termination. Upon the expiration of the time specified, we shall be entitled to the immediate possession of the leased premises and may take possession thereof according to law.

12. **FIRE HAZARDS**. You shall not perform or permit any hazardous act which might cause fire or which will increase the rate of insurance on the premises. If the premises become uninhabitable by reason of fire not caused by your negligence or that of your agents or visitors, the rental herein shall be suspended until the same have been restored to a habitable condition. However, we shall not be obligated to rebuild or restore the premises. Apartments that have a balcony may only have LAWN FURNITURE on the balcony. It is a fire hazard to keep bikes, grills of any type, weights, boxes, trash etc. on the balcony at ANYTIME. Also there is to be ABSOLUTELY NO cooking on the balcony.

TENANT:    **Howard Griffith & Rebecca Sklaney**
ADDRESS:   **2903 James St., Lower Rear, Syracuse, NY  13206**

13. **HOLDING OVER**. In the event your tenancy is terminated for any reason provided for in this Lease, and you fail to vacate, you shall be considered a HOLD OVER TENANT, and we shall have the right to remove you and your possessions from the premises and to change the locks and to take such other legal steps as we find appropriate to regain possession of the premises. This provision shall not be interpreted as giving you any right to hold over.

14. **RENEWAL**. Except as otherwise provided herein, if tenant stays for one year, this lease shall be automatically renewed for an additional period of one (1) year commencing on **July 1, 2017** and ending on **June 30, 2018** upon the same terms, covenants and conditions with the exception that the monthly rental during such additional period shall be **FIVE HUNDRED NINETY & no/100 Dollars ($590.00)** per month, unless either party, on or before **May 15, 2018** shall give written notice to the other of his/her intention to surrender or have possession of the premises, as the case may be. All notices required hereunder shall be sent by either registered mail or certified mail, return receipt requested.

15. **LOCKS & KEYS**. We shall provide a lock considered safe by the Building Industry for your exterior doors. So as not to restrict our ability to provide you with maintenance or in case of any emergency, you agree that no additional locks shall be placed on any doors of the premises without our prior written consent. Landlord will collect a security deposit upon occupancy, which will be held until ALL keys are returned upon vacating.

16. **LOCKOUT POLICY**. Any re-keying of your apartment or mail box locks, installation of dead bolts, safety locks, or special safety devices will be at the SOLE EXPENSE OF THE TENANT. This cost shall be paid in advance before installation. Additionally lost keys or LOCK OUTS will result in an immediate $35.00 charge to the tenant.

17. **RENT INCREASES**. It is understood that the rental rate as herein will be increased at the end of term of this Lease up to, but no more than 5% per annum. This paragraph serves as notice in advance of any rent increases.

18. **LIABILITY**. We shall NOT be liable for any injury or damage to persons or property caused by or resulting from steam, electricity, gas, water, rain, ice or snow, falling plaster, or any latent defect in the building, or from any injury or damage resulting or arising from any other cause or happening whatsoever, UNLESS such injury/damage be caused by or be due to our negligence or the negligence of our agents or employees; nor shall we or our agents be liable for any such damage caused by other tenants or theft or otherwise. If we shall furnish for your use any storeroom or any other facility in the building, the same shall be furnished gratuitously and we shall NOT be liable for any injury to person or loss or damage to property occasioned during the use of same.

TENANT:      **Howard Griffith & Rebecca Sklaney**
ADDRESS:     **2903 James St., Lower Rear, Syracuse, NY  13206**

19.  If Landlord is compelled to incur attorney's fees due to a breach of this lease, being an eviction proceeding for non-payment of rent or an eviction proceeding for a material breach or breaches of this lease, or both, or Landlord has to incur attorney's fees in order to collect rent owed or amount of damages for a breach of this Lease, TENANT agrees to pay for all reasonable legal fees of the LANDLORD, and costs and disbursements. These Legal fees, costs and disbursements are deemed additional rent.

20.  If Tenant purchases a home through a NASTRI REAL ESTATE AGENT, he/she will be released from this Lease with no penalties. All rent must be paid in full, AND A 30-DAY NOTICE GIVEN BEFORE THE LAST DAY OF THE MONTH *BEFORE* MONTH OF SCHEDULED CLOSING DATE.

21.  The following items are NOT ALLOWED as items that tenants can dispose of at our dumpsters, or leave behind in the apartment; tires, mattresses, box springs, sofa & chairs, televisions, tables, bicycles, etc. Anytime the Tenant leaves these items on the premises, the Tenant will FORFEIT their security deposit.

## 22. PET POLICY. There are to be absolutely no pets.

## 23. NOTHING IS TO BE STORED OR LEFT IN THE HALLWAYS. IT MUST BE TAKEN TO THE DUMPSTER.

DATE: Aug. 04, 2016

TENANT: Howard Griffith

_Jan F. Nastri_
LANDLORD

TENANT: Rebecca Sklaney

## SECURITY DEPOSITS

1. We are more than happy to return your security deposit. This means that you have lived up to your agreement and are leaving your apartment clean and in good order, exclusive of normal wear and tear, and that you have given proper notice of your intention to move.
2. Notice regarding intention to move must be received before the last day of the month preceding the month of your move date, which must be on the last day of that month. For example, if April 30 is the intended move out date, notification must be received no later than March 31.
3. No security deposit will be refunded until the inspection report is received, signed by your Management.
4. Normally, all refunds will be made within THIRTY (30) DAYS AFTER the first of the month following vacating.

## CHECK LIST

The following checklist shows what conditions cover your apartment upon vacating.   The Landlord reserves the right to charge accordingly if these conditions are not met.

B. Refrigerator must be defrosted and clean.

C. Stovetop, burners, knobs, oven and broiler pan must be clean.

D. Kitchen cupboards and sinks must be clean.

E. Bathroom tiles and fixtures, including medicine cabinet clean.

F. All papers, trash, clothes hangers, and food containers removed.

G. Floors, woodwork, baseboards, door casings, windowsills, and baseboard heating ducts must be clean.

H. Floor tile clean and rugs vacuumed.

I. Windows clean (Inside only).

I. Apartment and mailbox keys must be given to the Management, or delivered to 2501 James St., Syracuse NY   13206-2824.

## APPLIANCE RIDER

1. We have the following appliances currently in this apartment:

### Stove, Refrigerator

2. We are giving you permission to use these appliances while you are a tenant in this apartment. Appliances are a part of the property and will remain in the apartment at the end of the lease.

3. If an appliance becomes inoperable, Landlord will inspect/check the appliance for problems. Depending on cost to fix the appliance, and at the discretion of Nastri Real Estate, the appliance will or will not be repaired. If Nastri Real Estate chooses not to repair the appliance, the tenant will at the time have to supply his own appliance/appliances.

4. If you incur a loss from malfunction of any of the above-mentioned appliances, it is not the responsibility of the Landlord.

Date: Aug. 04, 2016

TENANT: Howard Griffith

Jan F. Nastri
LANDLORD

TENANT: Rebecca Sklaney

## WINDOW AND SCREEN RIDER

We have the following windows and screens currently in this apartment:

| 6 | Windows | 6 | Screens Balcony/Patio Screen |

If any windows or screens are found to be missing, broken, damaged or not in good working order, charges will be assessed as detailed on the preceding page of this Lease, and deducted from the Security Deposit or charged as additional rent.

Date: Aug. 04, 2016

TENANT: Howard Griffith

Jan F. Nastri
LANDLORD

TENANT: Rebecca Sklaney

# Rent Receipts

3

# Witness Affidavit

3

Municipal Court of the City of Syracuse

-------------------------------------------------

People of the State of New York,
Plaintiffs,

V.

Howard Griffith,
Defendant.

-------------------------------------------------

Motion to Dismiss Charges of
Criminal Mischief 4th, NY PL 145.00(1)

DR # 19-338537

State if New York)
County of Onondaga) ss.:

I, Rebecca Sklaney, am a witness to the above entitled proceeding, and I duly

depose and say:


1) I accompanied my roommate, Howard Griffith, during the hour of about 2:00

am, on the 23rd day of June, 2019, to take out the trash he had been cleaning as he

noted that there were people at a car in the parking lot and he was going to ask

them to leave, as he explained that he was going to need me as a witness if

anything bad happened or he was accused of anything that wasn't true.

2) When he asked the people to leave, they rebuked him several times before it

appeared they were driving away, then they began approaching him, driving their

car until a moment later he threw a large object at the windshield which was later

identified as a dumbell.

\

3) The police arrested him afterwards as they explained that if he had just called them, they would have solved the problem. My roommate, Howard Griffith, objected them that he had tried to call the police in the past.

4) It was in May, 2018, when we were subject to disturbances and invasions of our privacies as our landlord and the Syracuse City Police Department had previously refused to enforce this for us as we requested their help.


Rebecca Sklaney
_____
Rebecca Sklaney


Sworn to before me this ___27TH___ day of ___JUNE___, 2019


GREGORY J. RILEY
Notary Public- State of New York
No. 01RI6342700
Qualified in Onondaga County
My Commission Expires __05/23/2020__

2

**STATE OF NEW YORK**         **COUNTY OF ONONDAGA**
**CITY OF SYRACUSE**

---

**THE PEOPLE OF THE STATE OF NEW YORK**

**ANSWERING AFFIRMATION**

v.                                           **DR# 19-338537**

**HOWARD GRIFFITH ,**

**Defendant.**

---

| | |
|---|---|
| **STATE OF NEW YORK** | ) |
| | ) ss: |
| **COUNTY OF ONONDAGA** | ) |

I, Michael P. Mascari, being an attorney admitted to practice in the State of New York and an Assistant District Attorney for the Onondaga County District Attorney's Office, do hereby affirm under penalty of perjury pursuant to CPLR §2106:

A review of the files of the District Attorney's Office reveals that the Defendant was arraigned on July 11, 2019 in CAP court in front of the Hon. Theodore H. Limpert on the charge of Criminal Mischief in the Fourth Degree. Defendant's motions are returnable July 30, 2019 before the Hon. Theodore H. Limpert.

A.   **Motion To Dismiss Charges**

Defendant moves to dismiss the charges of Criminal Mischief in the Fourth Degree. Defendant does this in spite of admitting in his motion to the conduct that gave rise to the charges. Defendant's contention that he was warranted in throwing a weight through the windshield of the victim is not only ludicrous based upon the facts, but also a factual matter best left for a jury to decide. Therefore, this motion should be denied at this time.

B.    **Motion to Dismiss Order of Protection**

Defendant is alleged to have thrown a weight at a car that was occupied by the victim, breaking the glass. This conduct, although merely allegations at this time, warranted a full stay-away order of protection to be granted at arraignment and warrant the continuation of that order of protection until the conclusion of this matter.

Dated:  July 30, 2019

Respectfully submitted,

MICHAEL P. MASCARI
Assistant District Attorney

TO:    Brian Tedd, Esq.
       Attorney for Defendant
       CDH Law


CC:    Hon. Theodore H. Limpert
       City of Syracuse Criminal Courthouse
       505 South State St.
       Syracuse, New York 13202

Municipal Court of the City of Syracuse

2019 JUL 22 PM 2:50

---------------------------------------------------

People of the State of New York,
Plaintiffs,

Affidavit of Service of "Motion to Dismiss Order of
Protection Taken Upon Application to the Court on the
30th Day of July, 2019, OR AS SOON BEFORE
THERE SHOULD BE PROVIDED (emphasis
added)," by Personal Delivery

V.

Howard Griffith,
Defendant.

Case No.: CR-10824-19

---------------------------------------------------

STATE OF NEW YORK)
COUNTY OF ONONDAGA) ss.:

I, Howard Griffith, am the Defendant in the above entitled proceeding and I duly depose and say:

I served an original copy of the Motion to Dismiss Order of Protection in reference to the above

entitled proceeding, to the Onondaga County Clerk, with copies of the same to: the Municipal

Court of the City of Syracuse, and William J. Fitzpatrick, Esq., District Attorney of the State of

New York/County of Onondaga; by personal delivery of the original motion and exact copies of

the same, on the 22 day of July , 2019, at the following known addresses:

1) Onondaga County Clerk
   401 Montgomery Street, Syracuse, NY 13202
2) Municipal Court of the City of Syracuse
   505 South State Street, Syracuse, NY 13202
3) William J. Fitzpatrick, Esq., NYS District Attorney/County of Onondaga
   505 South State Street, 4th Floor, Syracuse, NY 13202

Being the last known addresses for these parties, being the only known parties in these

proceedings, that deponent is over 18 years of age, is the Defendant in this proceeding, and

resides in Syracuse, NY.

FILED

JUL 22 2019

ONONDAGA CO CLERKS OFFICE

*Howard Griffith*

Howard Griffith

Sworn to before me this 22 day of July , 2019

MELISSA S WOOD
Notary Public - State of New York
NO. 04WO6164070
Qualified in Onondaga County
My Commission Expires 4/9/23

Municipal Court of the City of Syracuse

------------------------------------------------

People of the State of New York,
Plaintiffs,

V.

Howard Griffith,
Defendant.

------------------------------------------------

2019 JUL 22  PM 1:43

Notice of Motion to Dismiss Order of
Protection Taken Upon Application to the
Court on the 30th Day of July, 2019, or
AS SOON BEFORE THERE SHOULD
BE PROVIDED (emphasis added)

Case No.: CR-10842-19

**PLEASE TAKE NOTICE,** Defendant will apply to this court on the 30th day of

July, 2019, or AS SOON BEFORE THERE SHOULD BE PROVIDED, (emphasis

added) in the Municipal Court of the City of Syracuse, to dismiss the Order of

Protection this court has placed against him in regards to the above entitled

proceeding to protect Onsty Harper in regards to the idea that the court, the people,

and the community can now assume he is a serious threat to this person because of

the neglect of the Syracuse City Police Department claiming that he had no right to

cause damage to the vehicle this person was located in, via arrest, without deeming

there may have been a reason to believe he had that right, arresting him on June 23,

2019, for the charge of Criminal Mischief 4th, NY Penal Law Section 145.00(1).

cc.: Onondaga County Clerk
     Clerk of the Syracuse City Court
     William J. Fitzpatrick, Esq.

Dated: _July 22, 2019_
        Howard Griffith, pro se
        2903 James Street, # 1R
        Syracuse, NY 13206

Attachments:
  1) Accusatory Instrument, DR# 19-338537
  2) Order of Protection, Order # 2019-002053

FILED

JUL 22 2019

ONONDAGA CO CLERKS OFFICE

Municipal Court of the City of Syracuse

------------------------------------------------

People of the State of New York,
Plaintiffs,

Motion to Dismiss Order of Protection

V.

Case No.: CR-10824-19

Howard Griffith,
Defendant.

------------------------------------------------

State if New York)
County of Onondaga) ss.:

I, Howard Griffith, am the Defendant, in reference to the above entitled

proceeding, having an Order of Protection placed against me to protect Onsty

Harper from myself and I duly depose and say:

## PRELIMINARY MATTER

I, Howard Griffith, was arrested on June 23, 2019, for Criminal Mischief in the

Fourth Degree, NY Penal Law Section 145.00(1), for damaging a vehicle on the

property of 2903 James Street, Syracuse, NY 13206, as the person driving the

vehicle was a female named Onsty Harper, as the City of Syracuse Police

Department unfairly indicated I intended to damage this vehicle owned by Stephan

Davis, being driven by Onsty Harper, by her own choice, on a property neither

Stephan Davis nor Onsty Harper had lived on, yet it was a property I lived on.

1

## STATEMENT OF FACTS

1) The statement for the accusatory instrument states: "To wit: On the above date, time and location the Defendant, one Howard Griffith (10/20/1980), did commit the crime of Criminal Mischief in the Fourth Degree. The above defendant having no right to do so nor any reasonable grounds to believe that he had such right, did intentionally damage the property of another person of the property belonging to the victim, Stephen Davis, by intentionally throwing a dumbell through the front windshield to the victim's vehicle, 2006 Buick LUC color blue bearing NYS REG JHR3979, causing said window to break and shatter. Total damage to said to be valued at $200.00. The actions of the defendant does constitute the crime of Criminal Mischief in the Fourth Degree."

2) This confirmation by the City of Syracuse Police Department of Defendant intentionally damaging the vehicle has caused Justice Theodore H. Limpert to Order a Temporary Order of Protection - "Whereas good cause has been shown for an issuance of a temporary order of protection and the court having made a determination in accordance with section 530.13 of the criminal procedure law, **IT IS HEREBY ORDERED** that the above-named defendant Howard W. Griffith (DOB: 10/20/1980) observe the following conditions of behavior: Stay away from Onsty Harper; the home of Onsty Harper; the school of Onsty Harper; the business of Onsty Harper; the place of employment of Onsty Harper; Refrain from

2

communication or any other contact by mail, telephone, email, voice-mail or other

electronic or any other means with Onsty Harper; Refrain from assault, stalking,

harassment, aggravated harassment, menacing, reckless endangerment,

strangulation, criminal obstruction of breathing or circulation, disorderly conduct,

criminal mischief, sexual abuse, sexual misconduct, forcible touching,

intimidation, threats or any criminal offense or interference with the victim or

victims of, or designated witnesses to, the alleged offense and such members of the

family or household of such victim(s) or witness(es) as shall be specifically named

Onstry Harper; **IT IS FURTHER ORDERED that this order of protection shall**

**remain in force until and including** 01/11/2020…. **DATED:** 07/11/2019."


## STATEMENT OF LAW

**I)** Because the Syracuse City Police Department confirmed Defendant intended to

damage the vehicle identified in the accusatory instrument statement, Defendant

was arrested and given an appearance ticket. At arraignment, based upon what the

police had confirmed what they believed were Defendant's intentions, he objected

that if the court caused him to plead guilty or not guilty then the court would just

be confirming there was no reasonable ground to believe that he had such right to

commit criminal mischief 4th because the court believed there was reason

Defendant needed to be prosecuted. The court responded that there was only cause

to believe Defendant didn't have the reasonable ground to believe he had such right.

**II)** This was the basis for the court to support there was cause to issue a temporary order of protection: "cause to believe Defendant didn't have reasonable ground to believe he had such right to commit Criminal Mischief 4th, NY Penal Law Section 145.00(1), based on what the police had confirmed what they believed were Defendant's intentions."

**III)** This just further supports the People or the Police can confirm they believe Defendant intends to invade the space of Onsty Harper; invade the home of Onsty Harper; invade the school of Onsty Harper; invade the business of Onsty Harper; invade the place of employment of Onsty Harper; communicate with Onsty Harper by speech, Communicate with Onsty Harper by mail, communicate with Onsty Harper by telephone, communicate with Onsty Harper by email, communicate with Onsty Harper by voice-mail or communicate with Onsty Harper by any other possibilities of electrical means, or assault Onsty Harper, stalk Onsty Harper, harass Onsty Harper,  menace Onsty Harper, recklessly endanger Onsty Harper, strangle Onsty Harper, criminally obstruct the breathing or circulation of Onsty Harper, make Onsty Harper a victim of disorderly conduct, make Onsty Harper a victim of  criminal mischief, sexually abuse Onsty Harper, make Onsty Harper a victim of sexual misconduct, forcibly touch Onsty Harper, intimidate Onsty

4

Harper, threaten Onsty Harper of enacting criminal offenses on her, or interfere

with the witnesses of Onsty Harper whom have been deemed to witness the alleged

offense and interfere with the members of Onsty Harper's family or household or

interfere with the people deemed to be the witness(es)' of the alleged offense

family or household.

IV) The Order of Protection notes: **"YOUR FAILURE TO OBEY THIS**

**ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND**

**CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR**

**INCARCERATION FOR UP TO SEVEN YEARS CONTEMPT OF THE**

**COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND**

**YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO**

**SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND**

**CONTINUES IN EFFECT UNTIL A NEW DATE SET BY COURT."**

Defendant claims these feel like outrageous threats.


## CONCLUSION

To this extent, this promotes outrageous defemation upon which Defendant has

explained above, as he now feels he is being intimidated as a victim of outrageous

public stigma, as he has also described how he now feels threatened because of

5

this. This Order of protection needs to be dismissed. If not, it establishes precedent

for an outrageous error of fundamental character.

*Howard Griffith*

Howard Griffith

Sworn to before me this 22 day of July , 2019

**BRITTNI HARPER**
**Notary Public-State of New York**
**No. 04HA6392884**
**Qualified in Onondaga County**
**Commission Expires 06/03/2023**

**STATE OF NEW YORK**        **COUNTY OF ONONDAGA**
**CITY OF SYRACUSE**

---

**THE PEOPLE OF THE STATE OF NEW YORK**

<u>**ANSWERING AFFIRMATION**</u>

v.                                    **DR# 19-338537**

**HOWARD GRIFFITH ,**

**Defendant.**

---

| STATE OF NEW YORK | ) |
| --- | --- |
| | ) ss: |
| COUNTY OF ONONDAGA | ) |

I, Michael P. Mascari, being an attorney admitted to practice in the State of New York and an Assistant District Attorney for the Onondaga County District Attorney's Office, do hereby affirm under penalty of perjury pursuant to CPLR §2106:

A review of the files of the District Attorney's Office reveals that the Defendant was arraigned on July 11, 2019 in CAP court in front of the Hon. Theodore H. Limpert on the charge of Criminal Mischief in the Fourth Degree.  Defendant's motions are returnable July 30, 2019 before the Hon. Theodore H. Limpert.

A.      <u>**Motion To Dismiss Charges**</u>

Defendant moves to dismiss the charges of Criminal Mischief in the Fourth Degree. Defendant does this in spite of admitting in his motion to the conduct that gave rise to the charges.  Defendant's contention that he was warranted in throwing a weight through the windshield of the victim is not only ludicrous based upon the facts, but also a factual matter best left for a jury to decide.  Therefore, this motion should be denied at this time.

B.     **Motion to Dismiss Order of Protection**

Defendant is alleged to have thrown a weight at a car that was occupied by the victim, breaking the glass.  This conduct, although merely allegations at this time, warranted a full stay-away order of protection to be granted at arraignment and warrant the continuation of that order of protection until the conclusion of this matter.

Dated:  July 30, 2019

Respectfully submitted,

MICHAEL P. MASCARI
Assistant District Attorney

TO:     Brian Tedd, Esq.
        Attorney for Defendant
        CDH Law

CC:     Hon. Theodore H. Limpert
        City of Syracuse Criminal Courthouse
        505 South State St.
        Syracuse, New York 13202

Municipal Court of the City of Syracuse

--------------------------------------------------

People of the State of New York,
Plaintiffs,

Notice of Motion to Vacate Accusatory
Instrument Pursuant to NY Criminal
Procedure Law 170.35(1)(a)

V.

Case No.: CR-10842-19

Howard Griffith,
Defendant.

DR No.: 19-338537

--------------------------------------------------

**PLEASE TAKE NOTICE,** Defendant will apply to this Court on the 15th day of August,

2019, or as soon thereafter may be provided, proceeding to annul, vacate, and set

aside the accusatory instrument for the offense of Criminal Mischief 4th, NY Penal Law

Section 145.00(1), in regards to the above entitled proceeding, in this case, to be

dismissed, based upon any of its deficiencies, in regards to the facts and laws

supporting that it is insufficient on its face, as there should no longer be commencement

to prosecute this offense, pursuant to NY Criminal Procedure Law Article 100.

*Howard Griffith*

Dated: Aug. 5, 2019
Howard Griffith, pro se
2903 James Street, # 1R
Syracuse, NY 13206
(315)741-7420

cc.: Onondaga County Clerk
   Municipal Court if the City of Syracuse
   District Attorney of the State of New York/County of Onondaga

Attachments:
   **(1)** Accusatory Instrument: DR # 19-338537
   **(2)** Affidavit of Onsty Harper: June 23, 2019
   **(3)** "Motion to Dismiss Charges of Criminal Mischief 4th, NY PL 145.00(1)":
   06/27/19, including: "Rebecca Sklaney's Supporting Affidavit": 06/27/19, excluding
   additional attachments
   **(4)** Supplemented Omnibus Motions

**FILED**

AUG 0 5 2019

ONONDAGA CO CLERKS OFFICE

Municipal Court of the City of Syracuse
-------------------------------------------------

People of the State of New York,
Plaintiffs,

Motion to Vacate Accusatory Instrument,
Pursuant to NY Criminal Procedure Law
170.35(1)(a)

V.

Case No.: CR-10842-19

Howard Griffith,
Defendant.

DR No.: 19-338537

-------------------------------------------------

STATE OF NEW YORK)
COUNTY OF ONONDAGA)ss.:

I, Howard Griffith, am the Defendant in the above entitled proceeding, duly deposing
and saying: Defendant's motion validly confirms the accusatory instrument for the
alleged offense in this case, needs to be annulled, vacated, and set aside upon this
motion, to be dismissed based upon any of its deficiencies, in regards to the facts and
laws supporting that it is insufficient on its face, as there should no longer be
commencement to prosecute this offense, pursuant to NY Criminal Procedure Law
Article 100, on the following grounds:

### STATEMENT OF FACTS

**1)** Defendant was arrested for the charge of NY Penal Law Section 145.00(1), Criminal
Mischief in the Fourth Degree, on June 23, 2019.

**2)** The complainant, P.O. K. Millet, stated on his accusatory instrument "To wit: On the
above date, time, and location the defendant, one Howard Griffith (10/20/1980), did
commit the crime of Criminal Mischief in the Fourth Degree. The above defendant

1

having no right to do so nor any reasonable grounds to believe that she had such right, did intentionally damage the property of another person that property belonging to the victim, Stephan Davis, by intentionally throwing a dumbbell through the front windshield to the victim's vehicle, 2006 Buick LUC color blue bearing NYS REG JHR3979, causing said window to break and shatter. Total damage to be valued at $200.00. The actions of the defendant does constitute the crime of Criminal Mischief in the Fourth Degree." ("she" [he])

3) The source of complainant's information was derived from the annexed affidavit of Onsty Harper, while verifying the accusatory instrument, pursuant to NY Criminal Procedure Law Section 100.30(1)(d).

4) The annexed affidavit is completely illegible on its face to interpret any of the statement or to have it confirmed that there was any verification, as it appears to be completely blank. (See attachment)

5) Defendant was provided an appearance ticket to appear in court on July 11, 2019.

## REASONS FOR DISMISSAL

I) In regards to the arraignment for the crime of Criminal Mischief 4th, pursuant to NY Penal Law Section 145.00(1), on July 11, 2019, for the above entitled proceeding, it is possible that, at that time, the accusatory instrument may have been deemed as an "information" pursuant to NY Criminal Procedure Law Section 100.10(1), or as a "misdemeanor complaint" pursuant to NY Criminal Procedure Law Section 100.10(4).

Nevertheless, since Defendant refused to make a plea of "guilty" or "not guilty", it would no way support that he had waived his right to be prosecuted by information as it would no way have supported he had consented to be prosecuted by misdemeanor complaint.

II) This process, pursuant to NY Criminal Procedure Law Sections 170.65(1) and 170.65(3) can now support that the accusatory instrument can only, possibly be defined as an "information" as NY Criminal Procedure Law Section 170.65(1) and 170.65(3), pursuant to replacement of misdemeanor complaint by information and waiver thereof states: "**(1)** A defendant against whom a misdemeanor complaint is pending is not required to enter a plea thereto. For purposes of prosecution, such instrument must, except as provided in subdivision three, be replaced by an information, and the defendant must be arraigned thereon. If the misdemeanor complaint is supplemented by a supporting deposition and such instruments taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information. **(3)** A defendant who has been arraigned upon a misdemeanor complaint may waive prosecution by information and consent to be prosecuted upon the misdemeanor complaint. In such case, the defendant must be required, either upon the date of the waiver or subsequent thereto, to enter a plea to the misdemeanor complaint."

III) Criminal Mischief Fourth, NY Penal Law Section 145.00(1), states: "A person is guilty of criminal mischief in the 4th degree when, having no right to do so nor any

reasonable ground to believe that he or she has such right (1) intentionally damages property of another person."

**IV)** NY Criminal Procedure Law Section 100.40(1), pursuant to local criminal court accusatory instruments: sufficiency on face, states: "**(1)** An information, or a count thereof, is sufficient on its face when: (a) It substantially conforms to the requirements prescribed in section 100.15; and (b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and (c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof."

**V)** The element required to prove Defendant is guilty of Criminal Mischief 4th, when "having no right to do so nor any reasonable ground to believe that he or she has such right," committed the offense can only, possibly be deemed as hearsay evidence as the accusatory instrument stated: "The above defendant having no right to do so nor any reasonable grounds to believe that she had such right, did intentionally damage the property of another person." ("she" [he]) Whether provided in the annexed affidavit or simply as presented in this accusatory instrument, this statement or any similar statement to support it cannot possibly be deemed as a fact, especially based upon the facts that Defendant and his roommate, Rebecca Sklaney, (as provided as a witness), separately swore to the argument on the "Motion to Dismiss Charges", dated June 27,

4

2019, served on June 28, 2019: (Defendant ["Defendant, Howard Griffith"] had reasonable ground to believe he had such right to cause damage. ["has provided good reason for the charges of Criminal Mischief in the Fourth Degree, 145.00(1), for his arrest on June 23, 2019, DR # 19-338537, be dismissed."]) ( ["I, Rebecca Sklaney, am a witness"] Defendant had reasonable ground to believe he had such right to cause damage.) The "Motion to Dismiss Charges" established precedent that it was Defendant's and his witness' word against the word of the accusatory instrument and Onsty Harper. This confirms that it can only be deemed as hearsay. Also, based upon the facts that Defendant objected to plea at arraignment, in regards to his argument with the Court that he could not be prosecuted pursuant to this law, as he objected the Court would have automatically been deeming that he had no reasonable ground to believe he had the right to cause the damages; it should be supported that the Court confirmed it was hearsay by claiming that there was only cause to believe he did not have reasonable ground to believe he had the right to cause the damages. It was also the Court [id. Judge Limpert] that claimed during the appearance that [he] "guessed" Defendant was pleading not guilty as that does not support Defendant made any plea.

**VI)** Because the annexed affidavit is completely illegible on its face to interpret any of the statement or to have it confirmed that there was any verification, as it appears to be completely blank, it makes it an ineffective deposition, being defective, pursuant to NY Criminal Procedure Law Section 170.35.

## CONCLUSION

This supports that the accusatory instrument is insufficient on its face based on what can be identified as the Court's confirmations; the precedent of the "Motion to Dismiss Charges" objecting, in advance, the accusatory instrument and the annexed affidavit, prior to Defendant's or his witness' opportunity to observe those documents; or any other elements to confirm that at least one of the required elements to prosecute this is hearsay evidence as presented in Point **(V)**; as it is validly confirmed that the accusatory instrument can now, only, possibly be identified as an "information". This being the circumstances of this case, pursuant to NY Criminal Procedure Law Sections 170.65(1) and 170.65(3), and the "information" being recognized as insufficient, pursuant to NY Criminal Procedure Law Section 100.40(1)(c), in regards to some of the required elements to convict a person of Criminal Mischief 4th, NY Penal Law Section 145.00(1), can only be recognized as hearsay on the accusatory instrument in regards to the claim that Defendant had no reasonable ground to believe he had the right to cause the damage. Because this validly supports that the accusatory instrument [id."information"] is insufficient on its face, this Court needs to annul, vacate, and set aside the accusatory instrument, dismissing it based upon any of it deficiencies, pursuant to NY Criminal Procedure Law Section 170.35.

Sworn to before me this _5_ day of _August_, 2019

_Howard Griffith_
Howard Griffith

NY DL 928 041 35 1

MELISSA SCHWARTZ
Notary Public - State of New York
NO. 04SC6162309
Qualified in Onondaga County
My Commission Expires _3 - 12 - 23_

6

Municipal Court of the City of Syracuse

--------------------------------------------------

People of the State of New York,
Plaintiffs,

          V.

Howard Griffith,
Defendant.

Motion to Vacate Accusatory Instrument,
Pursuant to NY Criminal Procedure Law
170.35(1)(a), Supplement: "Omnibus
Motions"


Case No.: CR-10842-19

DR No.: 19-338537

--------------------------------------------------

Defendant, Howard Griffith, takes with his Motion to Vacate Accusatory Instrument,

these Omnibus Motions, pursuant to:

**1)** Motion for a Speedy Trial, pursuant to NY Criminal Procedure Law Section 30.20.

**2)** Motion to Seek Order for Bill of Particulars, (NY Criminal Procedure Law Section

100.45[4]), as defined in NY Criminal Procedure Law Section 255.10(1)(d), pursuant to

NY Criminal Procedure Law Section 255.20.

Howard Griffith

Dated: Aug. 5, 2019
Howard Griffith, pro se
2903 James Street, # 1R
Syracuse, NY 13206
(315)741-7420

**STATE OF NEW YORK**          **COUNTY OF ONONDAGA**
**CITY OF SYRACUSE**

---

**THE PEOPLE OF THE STATE OF NEW YORK**

<u>**ANSWERING AFFIRMATION**</u>

v.                                                    **DR# 19-338537**

**HOWARD GRIFFITH ,**

**Defendant.**

---

| | |
|---|---|
| **STATE OF NEW YORK** | ) |
| | ) **ss:** |
| **COUNTY OF ONONDAGA** | ) |

I, Michael P. Mascari, being an attorney admitted to practice in the State of New York and an Assistant District Attorney for the Onondaga County District Attorney's Office, do hereby affirm under penalty of perjury pursuant to CPLR §2106:

A review of the files of the District Attorney's Office reveals that the Defendant was arraigned on July 11, 2019 in City of Syracuse court in front of the Hon. Theodore H. Limpert on the charge of Criminal Mischief in the Fourth Degree.

A.    <u>**Motion To Dismiss Charges**</u>

Defendant moves, for the second time, to dismiss the charges of Criminal Mischief in the Fourth Degree.  Defendant does this in spite of again admitting in his motion to the conduct that gave rise to the charges.  Defendant's contention that he was warranted in throwing a weight through the windshield of the victim is not only ludicrous based upon the facts, but also a factual matter best left for a jury to decide.  Therefore, this motion should be denied at this time.

Defendant seems to indicate that he does not believe that the accusatory instrument in sufficient, constantly mentioning the word "hearsay" in regards to the misdemeanor information. However, defendant in his own motion mentions the affidavit of Onsty Harper. By referencing this affidavit, defendant is making the argument for the people that the accusatory instrument is supported by more than just hearsay. Defendant argues that the accusatory instrument is defective on its face pursuant to CPL 170.30 (1) (a), 170.35 (1) (a), 100.40 (1) (b), 100.40 (4) (b), and 100.40 (1) (c). CPL 170.30 (1) (a) merely states that after arraignment upon an accusatory instrument, the court may, upon motion of defendant, dismiss such instrument on the ground that it is defective within the meaning of CPL 170.35. CPL 170.35 (1) (a) states that an accusatory instrument is defective when it is not sufficient on its face pursuant to the requirements of CPL § 100.40. An accusatory instrument is sufficient on its face when the factual part of the information, composed of non-hearsay allegations or together with any supporting depositions, establish reasonable cause to believe that defendant committed every element of the crime charged (CPL 100.40 (1) (b), (c); CPL 100.40 (4) (b)). A court reviewing for facial sufficiency must assume that the factual allegations contained in the information are true and must consider all reasonable inferences that may be drawn from them (People v. Jackson, 18 NY3d 738, at 741 [2012] interpreting CPL 100.40[1][c]).

Here, the accusatory instrument is supported by the non-hearsay allegations set forth in the affidavit of Onsty Harper. The factual allegations in the accusatory establish that the defendant threw a dumbbell through the victim's windshield, causing damage to the windshield. Defendant's contention that he had "reasonable grounds" to throw the dumbbell through the victim's windshield is not only not supported by the facts, but is also an issue best left for a jury sitting as the fact finder to decide. Therefore the accusatory instrument clearly establishes each

and every element of the offense charged and therefore defendant's motion to dismiss the accusatory instrument should be denied.

Dated:  September 17, 2019

Respectfully submitted,

MICHAEL P. MASCARI
Assistant District Attorney

TO:     Brian Tedd, Esq.
        Attorney for Defendant
        CDH Law

CC:     Hon. Theodore H. Limpert
        City of Syracuse Criminal Courthouse
        505 South State St.
        Syracuse, New York 13202

Municipal Court of the City of Syracuse
------------------------------------------------

People of the State of New York,
Plaintiffs,

Affidavit of Service of Omnibus Motions: "Motion to Dismiss Case; Motion to Dismiss Counsel, and Motion for Transcription of Minutes," by Delivery in Person

V.

Case No.: CR-10842-19

Howard Griffith,
Defendant.

DR No.: 19-338537

------------------------------------------------

STATE OF NEW YORK)
COUNTY OF ONONDAGA) ss.:

I, Howard Griffith, duly depose and say, I served, by personal delivery, an original copy of the Omnibus Motions for: "Motion to Dismiss Case, Motion to Dismiss Counsel, and Motion for Transcription of Minutes," Dated: September 4, 2019, in regards to the above entitled proceeding, to the Onondaga County Clerk, with exact copies of the same to the Municipal Court of the City of Syracuse, and the District Attorney of the State of New York/County of Onondaga, on the 4th day of September, 2019, being the only known parties to this proceeding at the following addresses:

**1)** Onondaga County Clerk, 401 Montgomery Street, Syracuse, NY 13202
**2)** Municipal Court of the City of Syracuse, 505 South State Street, Syracuse, NY 13202
**3)** NYS District Attorney/County of Onondaga, 505 South State Street, Syracuse, NY 13202

that being the only known parties to this proceeding, being the last known addresses of these parties, that deponent is the defendant in the above entitled proceeding, is over eighteen years of age, is not a veteran, and resides in Syracuse, NY.

*Howard Griffith*
Howard Griffith

Sworn to before me this 4th day of September, 2019

**EDEN CARR**
**Notary Public-State of New York**
**No. 04CA6393815**
**Qualified in Onondaga County**
**Commission Expires 06/24/2023**

# FILED

SEP 04 2019

ONONDAGA CO CLERKS OFFICE

Municipal Court of the City of Syracuse

------------------------------------------------

People of the State of New York,
Plaintiffs,

Affidavit of Service of Omnibus Motions: "Motion to
Dismiss Case; Motion to Dismiss Counsel, and Motion
for Transcription of Minutes"

V.

Howard Griffith,
Defendant.

Case No.: CR-10842-19

DR No.: 19-338537

------------------------------------------------

STATE OF NEW YORK)
COUNTY OF ONONDAGA) ss.:

I, Rebecca Sklaney, duly depose and say, I served, via mail, for Defendant in the above
entitled proceeding, a copy of the Omnibus Motions for: "Motion to Dismiss Case,
Motion to Dismiss Counsel, and Motion for Transcription of Minutes," Dated: September
04, 2019, in regards to the above entitled proceeding, to Brian Tedd, Esq., on the 5 th
day of September, 2019, at the following address:

Brian Tedd, Esq.,100 Madison Street, Tower I, Floor 12, Syracuse, NY 13202

that being the last known address of this party in this proceeding, that deponent is not
the defendant in the above entitled proceeding, is over eighteen years of age, is not a
veteran, and resides in Syracuse, NY.

_Rebecca Sklaney_
Rebecca Sklaney

Sworn to before me this 5 day of September, 2019

```
ELIZABETH W. ROY
NOTARY PUBLIC, STATE OF NEW YORK
No. 01RO6277445
Qualified in Onondaga County
My Commission Expires on March 4, 20 21
```

Municipal Court of the City of Syracuse

------------------------------------------------

People of the State of New York,
Plaintiffs,

V.

Howard Griffith,
Defendant.

------------------------------------------------

Notice of Omnibus Motions: "Motion to
Dismiss Case; Motion to Dismiss
Counsel; Motion to Transcribe Minutes"

Case No.: CR-10842-19

DR No.: 19-338537

**PLEASE TAKE NOTICE,** Defendant will apply to this Court on the 17th day of

September, 2019, or as soon thereafter may be provided, for Omnibus Motions to

Dismiss the Case, Dismiss Counsel, and Transcribe Minutes, in application to the above

entitled proceeding, as these Motions should be respected in regards to this case, due

to the failure of the People to provide a Bill of Particulars upon the Court's Order,

Defendant's Sixth Amendment Right of the Constitution of the United States, and In

Forma Pauperis.

*Howard Griffith*

Dated: Sept. 04, 2019
Howard Griffith, pro se
2903 James Street, # 1R
Syracuse, NY 13206
(315)741-7420

**FILED**

SEP 04 2019

ONONDAGA CO CLERKS OFFICE

cc.: Onondaga County Clerk
Municipal Court of the City of Syracuse
District Attorney of the State of New York/County of Onondaga

Municipal Court of the City of Syracuse

--------------------------------------------------

People of the State of New York,
Plaintiffs,

              V.

Howard Griffith,
Defendant.

"Omnibus Motions: Motion to Dismiss
Case; Motion to Dismiss Counsel; and
Motion for Transcription of Minutes"

Case No.: CR-10842-19

DR No.: 19-338537

--------------------------------------------------

STATE OF NEW YORK)
COUNTY OF ONONDAGA)ss.:

I, Howard Griffith, am the Defendant in the above entitled proceeding and I duly

depose and say:

Defendant makes these Omnibus Motions, with the circumstances and reasons

provided for these motions to be granted, in reference to the above entitled

proceeding, on the following grounds:

**I)** This Court needs to dismiss this case on the following grounds:

    **(a)** Criminal Mischief Fourth, NY Penal Law Section 145.00(1), states: "A

        person is guilty of criminal mischief in the 4th degree when, having no right

        to do so nor any reasonable ground to believe that he or she has such right

        (1) intentionally damages property of another person."

1

**(b)** Defendant declared in his Motion to Vacate Accusatory Instrument dated: August 05, 2019, he had preserved his right to have the Court prosecute his accusatory instrument by information without consent to be prosecuted as a misdemeanor complaint, pursuant to NY Criminal Procedure Law Sections 170.65(1) and 170.65(3).

**(c)** The People limited their theory of Defendant's prosecution for Criminal Mischief Fourth, NY Penal Law Section 145.00(1), to the facts that Defendant had caused damage to the property while failing to clarify the required element that Defendant had no right to cause the damage nor any reasonable ground to believe he had the right to cause the damage. This is because the People failed to respond when Defendant objected that element was not supported in the information, pursuant to NY Criminal Procedure Law Section 100.40(1)(c), in his Motion to Vacate Accusatory Instrument. This is also because, when the Court asked the People if they had the Bill of Particulars ready on the date during Defendant's appearance on August 15, 2019, this needs to be recognized as the Court's Order. Because the Motion for Bill of Particulars was taken as an omnibus motion with the Motion to Vacate Accusatory Instrument, the Court's Order on August 15, 2019, established the grounds that the information was before the magistrate. Because the People failed to clarify the required element in regards to

2

Defendant's objection, pursuant to NY Criminal Procedure Law Section 100.40(1)(c), by not providing a response to the Motion to Vacate Accusatory Instrument nor providing a Bill of Particulars, this established the grounds that the information was insufficient. This makes Criminal Mischief Fourth irrelevant. (see People v Colon, 1988, 139 Misc.2d 1053, 530 N.Y.S.2d 736)

(d) Because the information is now declared insufficient, as it has been laid before the magistrate, it can no longer be cured by a bill of particulars because it is now a jurisdictional defect. (see People v Weeks, 1963, 39 Misc.2d 765, 242 N.Y.S.2d 121, reversed on other grounds 13 N.Y.2d 944, 244 N.Y.S.2d 316, 194 N.E.2d 132)

(e) Because of these elements, a stay of proceedings can no longer be the sole remedy available to the criminal court, pursuant to NY Criminal Procedure Law Section 200.95(6), as provided for NY Criminal Procedure Law Section 100.45(4). This is because it was necessary for the People to comply with the omnibus motion Defendant had made for a bill of particulars immediately upon the Court's Order on August 15, 2019, as this had established the grounds that the information was before the magistrate, as the Motion to Vacate Accusatory Instrument and Motion for Bill of Particulars were taken together as omnibus motions. With these grounds

established, with the failure to clarify the sufficiency of the information, and

because the insufficient information needs to be recognized as a

jurisdictional defect which can no longer be cured by a bill of particulars;

this makes a stay inappropriate although not specifically authorized by

Criminal Procedure Law. (see People v Thomas, 1980, 106 Misc.2d 64, 432

N.Y.S.2d 317)

**WHEREFORE**, because of these factors and laws, this case needs to be

dismissed.

**II)** Defense Counsel, Brian Tedd, Esq., needs to be dismissed for his

ineffectiveness, in respect of Defendant's Sixth Amendment Right of the

Constitution of the United States because Counsel allows the People to prosecute

Defendant without any of his consent as should be recognized in regards to the

following circumstances:

(a) Counsel has made a Motion he has provided for the Court and the People on

August 15, 2019, without providing a copy for Defendant, as he did not have

a copy to provide for Defendant after appearance or has not provided a copy

in any other manner; as there is no Affidavit of Service to confirm this or if

there is an affidavit, it is completely perjurious. Because of this, any motions

Brian Tedd has made for the record need to be discouraged.

(b) Counsel, Brian Tedd, has appeared with Defendant twice, during appearances on July 30, 2019, and August 15, 2019, where Counsel has spoken for Defendant without reviewing any of the procedures or settlements being made for adjournment, as he did not help Defendant understand how the case is being prosecuted, as the two discussions during appearances have each been about thirty seconds before adjournments were called.

(c) Defendant was not granted an opportunity to be heard during his first two appearances with Counsel present because Counsel would quickly speak for Defendant to conclude the appearances.

(d) Counsel would not provide any discussions with Defendant after the appearances, as Counsel would quickly send Defendant away once the appearances were concluded.

(e) It was not until after the initial appearance on August 15, 2019, after Defendant had to wait several minutes outside of the courtroom to debate with his counsel before he could demand Counsel had to return to the courtroom with him to be granted his opportunity to be heard. When Defendant was granted his opportunity to be heard, he declared to the court that he wanted to take over his case pro se, yet the Court still explained he

would have to work with Counsel, Brian Tedd, although he would be

proceeding pro se.

**THEREFORE,** Counsel, Brian Tedd needs to be dismissed and new counsel

needs to be assigned to protect Defendant's Sixth Amendment Right of the United

States Constitution for Effective Assistance of Counsel.

**III)** This Court needs to transcribe the minutes for all of Defendant's appearances

of this case, respecting Defendant's indigency, pursuant to In Forma Pauperis, as

this Court has declared his indigency by assigning counsel, Brian Tedd, Esq..

**WHEREFORE,** the failure of this Court to transcribe these minutes will be a

violation of Defendant's 4th, 5th, and 14th Amendment Rights of the Constitution

of the United States, pursuant to due process, as these laws and this precedent

deem the provision of the transcripts for Defendant's appearances in reference to

this case required to be respected by this Court.

**Ken Towsley**
**Director**



**Tom Steinberg**
**Assistant Director**

**Sam Perry**
**Assistant Director**

## DEPARTMENT OF NEIGHBORHOOD AND BUSINESS DEVELOPMENT
### DIVISION OF CODE ENFORCEMENT
**Ben Walsh, Mayor**
**Michael Collins, Commissioner**

06/17/2020

Jan F. & Joseph E. Nastri
2501 James St
Syracuse, NY13206

**RE: Complaint #2020-08942 at 2901-05 James St & Edwards Ave N**

PLEASE TAKE NOTICE that the property listed above has been inspected by Ashlie Fifield and found to be in violation of the law. Attached is a list containing a description of each violation, the specific law and/or ordinance violated, and the time within which each violation must be corrected.

The property will be re-inspected when the correction date has passed. If the violations are not corrected, the City of Syracuse will take legal action to compel compliance, including the imposition of financial penalties. For each inspection performed past the correction date, a fee may be added to the real property taxes of the premises accordingly: one-family: $45.00, two-family: $55.00, mixed-use and multiple dwellings: $55.00 plus $20.00 per unit. The City also reserves the right to correct the violation and charge the associated costs to the owner.

If violations are not corrected, the City of Syracuse now also has the option to ticket and fine property owners through the Bureau of Administrative Adjudication (BAA).  Fines range from $50.00 to $600.00 and penalties range from $100.00 to $1,200.00, per violation. The owner has the right to an administrative hearing by calling (315) 448-8695. This hearing must be requested by the owner within the shortest time period given to correct any violations.

If the violations are corrected, the owner or agent must schedule a re-inspection with the Division of Code Enforcement by calling (315) 448-8695. The hours of operation are 8:00 am to 5:00 pm, Monday through Friday. The City of Syracuse would like to work with you to resolve this matter.

Sincerely,

Ashlie Fifield
Code Enforcement Officer

**201 E. WASHINGTON ST. RM. 300 | SYRACUSE, N.Y. 13202-1473 | (315) 448-8695**
**FAX: (315) 448-8764 | WEB PAGE: www.syracuse.ny.us**

# CITY OF SYRACUSE, N.Y.
## DIVISION OF CODE ENFORCEMENT

## OUTSTANDING VIOLATIONS AS OF 06/17/2020

**Property Address:** 2901-05 James St & Edwards Ave N  **Complaint #**2020-08942

The City of Syracuse has determined the following are violations of the New York State Uniform Fire Prevention and Building Code and/or Syracuse Property Conservation Code and must be corrected within the timeframe provided.

---

**Violation Date:** 06/17/20
**Comply By Date:** 7/10/2020
**Code:** Codes\Smoke detectors\SPCC 27-43 (e) (1)(2)(3)(4) Certification
**Description:** Once a year, the owner or person responsible for a structure protected by a supervised, non-supervised inter-connected, AC powered, or battery operated heat, fire, smoke detection alarm system, shall provide the division of code enforcement with a certificate of approval, prepared by a licensed electrician, as provided herein, on a form supplied by the division, certifying that the system has been tested by a licensed electrician and all components of said system are in working order, and that the system is maintaining its intended level of safety.
**Area Involved:** Premises
**Corrective Action:** Provide smoke detector certification.
**Issued To:** Jan F. & Joseph E. Nastri



**United States®**
**Census**
**2020**　　**NOTICE OF VISIT**

*2903 James St. Apt 5*

A U.S. Census Bureau interviewer stopped by today to complete an interview for your household. We need your help to count everyone in the United States by providing basic information about all the people living or staying at this address.

> Please use one of the following options to complete the 2020 Census questionnaire **within the next two days:**
>
> • **Complete the questionnaire online** by going to **my2020census.gov**
>
> • **Call 1-844-330-2020** toll-free to provide your census information over the phone Sunday through Saturday from 7:00 a.m. to 2:00 a.m. ET.
>
> • **TDD** – Telephone display device for the hearing impaired. Call 1-844-467-2020 toll-free, Sunday through Saturday from 7:00 a.m. to 2:00 a.m. ET.
>
> **Census ID:** *9CKV* - *Vyx5* - *29KD*
>
> Otherwise, someone from the Census Bureau may contact you again to complete the interview.

You are required by law to respond to the 2020 Census (Title 13, U.S. Code, Sections 141 and 193). The Census Bureau estimates that completing the interview will take 10 minutes on average. This collection of information has been approved by the Office of Management and Budget (OMB). The eight-digit OMB approval number 0607-1006 confirms this approval. If this number were not displayed, we could not conduct the census.

The Census Bureau is required by law to protect your information (Title 13, U.S. Code, Section 9). The Census Bureau is not permitted to publicly release your responses in a way that could identify you or your household. We are conducting the 2020 Census under the authority of Title 13, U.S. Code, Sections 141, 193 and 221. By law, the Census Bureau can only use your responses to produce statistics. Per the Federal Cybersecurity Enhancement Act of 2015, your data are protected from cybersecurity risks through screening of the systems that transmit your data. All web data submissions are encrypted in order to protect your privacy.

For more information about how we protect your information, please visit our Web site at census.gov and click on "Data Protection and Privacy Policy" at the bottom of the home page. This page also includes information about the collection, storage, and use of these records. Click on "System of Records Notices (SORN)" and look for Privacy Act System of Records Notice COMMERCE/CENSUS-5, Decennial Census Program.

Please visit 2020census.gov to learn more about the 2020 Census.

D-NV(E/S) (5-2-2019)

Núm. de OMB 0607-1006: Aprobado hasta 11/30/2021



# United States® Census 2020

# AVISO DE VISITA

Un entrevistador de la Oficina del Censo de los EE. UU. lo visitó hoy para completar una entrevista para su hogar. Necesitamos su ayuda para contar a todos en los Estados Unidos al proporcionar información básica sobre las personas que viven o se quedan en esta dirección.

---

Use una de las siguientes opciones para completar el cuestionario del Censo del 2020 **durante los próximos dos días:**

- **Complete el cuestionario por internet** visitando **my2020census.gov**

- **Llame gratis al 1-844-468-2020** de domingo a sábado entre las 7:00 a. m. y las 2:00 a. m. ET para proveer su información del censo por teléfono.

**Identificación del Censo:** [ ] – [ ] – [ ]

De lo contrario, es posible que alguien de la Oficina del Censo se comunique con usted de nuevo para completar la entrevista.

---

A usted se le requiere por ley que responda al Censo del 2020 (Secciones 141 y 193 del Título 13 del Código de los EE. UU.). La Oficina del Censo calcula que completar la entrevista tomará 10 minutos como promedio. Esta recopilación de información ha sido aprobada por la Oficina de Administración y Presupuesto (OMB, por sus siglas en inglés). El número de aprobación de ocho dígitos de la OMB 0607-1006 confirma la aprobación. De no mostrarse este número, no podríamos realizar el censo.

La Oficina del Censo está obligada por ley a proteger su información (Sección 9 del Título 13 del Código de los EE. UU.). A la Oficina del Censo no se le permite divulgar sus respuestas de manera que usted o su hogar pudieran ser identificados. Estamos realizando el Censo del 2020 en conformidad con las Secciones 141, 193 y 221 del Título 13 del Código de los EE. UU. Por ley, la Oficina del Censo solo puede usar sus respuestas para producir estadísticas. Según la Ley Federal para el Fortalecimiento de la Seguridad Informática de 2015, sus datos están protegidos de los riesgos de la seguridad en la internet mediante controles en los sistemas transmiten sus datos. Todos los datos enviados a través de la internet son codificados para proteger su privacidad.

Para obtener más información sobre cómo protegemos su información, visite nuestro sitio web census.gov y haga clic en "Data Protection and Privacy Policy" (Normas de protección de datos y privacidad) en la parte inferior de la página principal. La página sobre protección de datos y normas de privacidad también incluye información sobre la recopilación, almacenamiento y uso de esos registros. Haga clic en "System of Records Notices (SORN)" (Avisos sobre el Sistema de Registros Escritos) y busque Privacy Act System of Records Notice COMMERCE/CENSUS-5, Decennial Census Program (Aviso sobre el Sistema de Registros de la Ley sobre la Privacidad COMMERCE/CENSUS-5, Programa del Censo Decenal).

Visite 2020census.gov para conocer más acerca del Censo del 2020.

**Ken Towsley**
**Director**



**Tom Steinberg**
**Assistant Director**

**Sam Perry**
**Assistant Director**

## DEPARTMENT OF NEIGHBORHOOD AND BUSINESS DEVELOPMENT
### DIVISION OF CODE ENFORCEMENT
**Ben Walsh, Mayor**
**Michael Collins, Commissioner**

06/17/2020

Jan F. & Joseph E. Nastri
2501 James St
Syracuse, NY13206

**RE: Complaint #2020-08942 at 2901-05 James St & Edwards Ave N**

PLEASE TAKE NOTICE that the property listed above has been inspected by Ashlie Fifield and found to be in violation of the law. Attached is a list containing a description of each violation, the specific law and/or ordinance violated, and the time within which each violation must be corrected.

The property will be re-inspected when the correction date has passed. If the violations are not corrected, the City of Syracuse will take legal action to compel compliance, including the imposition of financial penalties. For each inspection performed past the correction date, a fee may be added to the real property taxes of the premises accordingly: one-family: $45.00, two-family: $55.00, mixed-use and multiple dwellings: $55.00 plus $20.00 per unit. The City also reserves the right to correct the violation and charge the associated costs to the owner.

If violations are not corrected, the City of Syracuse now also has the option to ticket and fine property owners through the Bureau of Administrative Adjudication (BAA).  Fines range from $50.00 to $600.00 and penalties range from $100.00 to $1,200.00, per violation. The owner has the right to an administrative hearing by calling (315) 448-8695. This hearing must be requested by the owner within the shortest time period given to correct any violations.

If the violations are corrected, the owner or agent must schedule a re-inspection with the Division of Code Enforcement by calling (315) 448-8695. The hours of operation are 8:00 am to 5:00 pm, Monday through Friday. The City of Syracuse would like to work with you to resolve this matter.

Sincerely,

Ashlie Fifield
Code Enforcement Officer

**201 E. WASHINGTON ST. RM. 300 | SYRACUSE, N.Y. 13202-1473 | (315) 448-8695**
**FAX: (315) 448-8764 | WEB PAGE: www.syracuse.ny.us**

# CITY OF SYRACUSE, N.Y.
## DIVISION OF CODE ENFORCEMENT

## OUTSTANDING VIOLATIONS AS OF 06/17/2020

**Property Address:** 2901-05 James St & Edwards Ave N  **Complaint #**2020-08942

The City of Syracuse has determined the following are violations of the New York State Uniform Fire Prevention and Building Code and/or Syracuse Property Conservation Code and must be corrected within the timeframe provided.

---

**Violation Date:** 06/17/20
**Comply By Date:** 7/10/2020
**Code:** Codes\Smoke detectors\SPCC 27-43 (e) (1)(2)(3)(4) Certification
**Description:** Once a year, the owner or person responsible for a structure protected by a supervised, non-supervised inter-connected, AC powered, or battery operated heat, fire, smoke detection alarm system, shall provide the division of code enforcement with a certificate of approval, prepared by a licensed electrician, as provided herein, on a form supplied by the division, certifying that the system has been tested by a licensed electrician and all components of said system are in working order, and that the system is maintaining its intended level of safety.
**Area Involved:** Premises
**Corrective Action:** Provide smoke detector certification.
**Issued To:** Jan F. & Joseph E. Nastri

City of Syracuse
DIVISION OF CODE ENFORCEMENT

City Hall Commons
201 E. Washington St. Rm. 101
Syracuse, NY 13202-1430

**ADDRESS CORRECTION REQUESTED**

**SYRACUSE POLICE DEPARTMENT**          **SEX OFFENDER REGISTRY**
**LEVEL 3 OFFENDER 90 DAY RECEIPT**

**NAME:** _HOWARD   GRIFFITH_          **DATE:** _09-14-2020_

**ADDRESS:** _2903   JAMES   ST_

**NEXT 90 DAY DUE DATE:** _12-14-2020_

**POLICE OFFICER'S SIGNATURE:** _____

*YOU MUST <u>ALWAYS</u> REGISTER IN PERSON, AND <u>ALWAYS</u> BRING WITH YOU <u>PROPER</u>
<u>IDENTIFICATION</u> AND <u>PROOF</u> OF WHERE YOU LIVE (SUCH AS: RENT RECEIPT, PHONE BILL,
UTILITY BILL, ETC.)*
*HOURS 9:00AM TO 12:00PM AND 1:00PM TO 3:00PM MONDAY THRU THURSDAY*
*FRIDAYS ARE BY APPOINMENT ONLY*   *IF FOR SOME REASON YOUR 90 DAY FALLS ON A
FRIDAY, WEEKEND DAY, OR A HOLIDAY, COME THE NEXT BUSINESS DAY*

Contact information:  Det. Barnes – 442-5326   ____ Needs SO Photo _____

3/18

Howard Griffith
2903 James Street # IR
Syracuse, NY 13206
(315) 741 - 7420

August 14, 2020

Jan Nastri
2501 James Street
Syracuse, NY 13206

Subject: (Warranty of Habitability,
Real Property Law § 235-B [DR 19-
338537] [CR-10842-19]); (DR 20-
368307); CPLR Article 78 fundamental
to develop substance for declaration
for prayer of relief (Petition: 08/14/2020)

Dear Sir:

  I demand we reach settlements
for our policy or else I will have to
proceed with sanctions after the
tenth day.

                    Sincerely yours,
                    Howard Griffith
                    Howard Griffith

Attachment:
08/14/2020 CPLR Article 78 Petition,
(Draft); (Unverified) "Howard Griffith v Onondaga"

Affidavit of ~~Service of~~
Service of CPLR Article 78
Draft, Unverified Petition with
Proposed Order to Show Cause

STATE OF NEW YORK)
COUNTY OF ONONDAGA)ss.:

I, Rebecca Sklaney, duly depose
and say, under an affirmation of
the penalty of perjury that I
served a draft of a CPLR
Article 78 Petition, with a Proposed
Order to show Cause, signed by
Howard Griffith on August 14,
2020, without Verification, to Jan
Nastri,[presenting the petition was
to have been provided to take
action on Onondaga County,]on
August 14, 2020, by delivery in person
on that day,[however unattended to]
with a letter to Jan Nastri dated
August 14, 2020, addressing the purpose
for the demonstration of the procedure,
as the affirmation with regard to
this statement affirms this is true:

Sworn to before me
this 14 day of September 2020

Rebecca Sklaney
Rebecca Sklaney

ELIZABETH W. ROY
NOTARY PUBLIC, STATE OF NEW YORK
No. 01RO6277445
Qualified in Onondaga County
My Commission Expires on March 4, 2021

Howard Griffith
2903 James St, #1R
Syracuse, NY 13206
(315) 741-7420

August 22, 2020

Jan Nastri
2501 James Street
Syracuse, NY 13206

RE: Letter dated August 14, 2020,
with the proposed, unverified
CPLR Article 78 draft

Dear Sir:

   After I addressed you with my
letter with reference with regard
to the civil action I prepared
to take with Order to Show
Cause, which would have provided
substance to take Civil Action
with regard to our policy, the
red car that was parked near
our steps was moved by the

1

Letter from Howard Griffith
addressed to Jan Nastri (08/22/2020)
[Page 2]

dumpster, I'm satisfied with
the location. I'll settle that
you have satisfied Warranty
for Habitability Real Property
Law Section 235-B. The Civil
Action I was prepared to take
currently has no merit unless
new precedent is established,
and if I were to presently amend
the Civil Action, it might get me
into trouble.

Dated: August 24, 2020

Howard Griffith

Howard Griffith

2

Affidavit of Service of Letter Addressed to Jan Nastri from Howard Griffith dated August 22, 2020, by mail

STATE OF NEW YORK)
COUNTY OF ONONDAGA)ss,:

I, Rebecca Sklaney, duly depose and say, under an affirmation of the penalty of perjury that I served a Letter by mail on the 24th day of August, 2020, [dated 08/22/2020], with regard of the proposition of the granted settlement of the [Letter Addressed to Jan Nastri] dated August 14, 2020, [addressed by Howard Griffith] to have been received at the following address, by mail:

2501 James St., Syracuse, NY 13206

as the affirmation with regard to this statement affirms this is true;

Rebecca Sklaney
Rebecca Sklaney

Sworn to before me
this __14__ day of September, 2020

ELIZABETH W. ROY
NOTARY PUBLIC, STATE OF NEW YORK
No. 01RO6277445
Qualified in Onondaga County
My Commission Expires on March 4, 20 21

Supreme Court
County of Onondaga

Howard Griffith,          Affidavit
        Petitioner,      (Supplement)
                         CPLR Article 78
        v
Onondaga County,         SU-2020-005851
        Respondent,

STATE OF NEW YORK)
COUNTY OF ONONDAGA) ss.;


I, Howard Griffith, duly depose and
say under an affirmation of the
penalty of perjury that the
following is true;
On the evening of September 16, 2020,
I found the following documents in
my mail:
① Onondaga County Board of Elections:
"Absentee Vote" to the voter at 2903
James St., 1R, Syracuse, NY 13206 [This
is the traditional address on my
policy.] ~~Coupons~~ ② Coupons addressed
to Laura Nassar, 2903 James St.,
Apt 1R, Syracuse, NY 13206-2127
[Laura Nassar is unknown to me
and has never resided with me] ③
United States Postal Service to

1

Postal Customer at 2903 James St, Apt 5, Syracuse, NY 13206 ④ United States Postal Service to Postal Customer at 2903 James St, Apt 1, Syracuse, NY 13206; Attachments 3 & 4 with regard to voting by mail.

I provide these documents as they are substantive supporting the cause for the Order to Show for Cause for my Mandamus to Compel pursuant to CPLR Article 78 with regard to the above entitled proceeding.

Howard Griffith
_____
Howard Griffith

Sworn to before me this
17 day of Sept, 2020

MELISSA SCHWARTZ
Notary Public - State of New York
NO. 04SC6162309
Qualified in Onondaga County
My Commission Expires 3-12-23

2

## Dear Postal Customer,

If you vote by mail, we're committed to providing you a secure, effective way to deliver your ballot. Use this checklist to prepare:

- ☐ Start today. Give yourself and your election officials ample time to complete the process.

- ☐ Rules and dates vary by state, so contact your election board to confirm. Find links at usps.com/votinginfo.

- ☐ Request your mail-in ballot (often called "absentee" ballot) at least 15 days before Election Day.

- ☐ Once received, follow the instructions. Add postage to the return envelope if needed.

- ☐ We recommend you mail your ballot at least 7 days before Election Day.

We're ready to deliver for you. Make sure you're ready, too.

## Your United States Postal Service

©2020 United States Postal Service® All Rights Reserved.
The Eagle Logo is among the many trademarks of the U.S. Postal Service.®



**UNITED STATES**
**POSTAL SERVICE**

475 L'ENFANT PLAZA SW
WASHINGTON, DC 20260

PRESORTED
STANDARD MAIL
POSTAGE & FEES PAID
USPS
PERMIT NO. G-10

FSC
MIX
Paper from
responsible sources
FSC® C013141

Please Recycle

*************AUTO**SCH 5-DIGIT 13203
F1R5-0866644A    0042205081           170/6430/1
Postal Customer
2903 James St Apt 1
Syracuse NY  13206-2127



Visit usps.com/votinginfo
or contact your election board.

---

# chewy

# $15 OFF

Use this code at checkout:

**N 3 3 6 8 X X Y**

Questions? We're here 24/7 | **1-800-672-4399**

## The One-Stop Shop
### for Your Pet Supplies
### & Prescriptions

chewy.com
where pet lovers shop

PRSRT STD
U.S. POSTAGE
**PAID**
CHICAGO, IL
PERMIT NO. 592

3297-A F1R1  2922384  2921513 136 T5425  P1 *******AUTO**5-DIGIT 13203
Laura Nassar
2903 James St Apt 1R
Syracuse, NY 13206-2127

A0920    N3368XXY

Onondaga County Board of Elections
1000 Erie Blvd. West
Syracuse, NY 13204



All voters can now select Temporary Illness as a reason to request an absentee ballot because of COVID-19.

The easiest way to apply is **via online portal at onvote.net** or you can apply by **phone (315-435-VOTE), fax (315-435-8451),** email **(absentee@ongov.net), or mail to Onondaga County Board of Elections, 1000 Erie Blvd. West, Syracuse, NY 13204.**

The deadline to apply for an absentee ballot by mail is **October 27, 2020,** but the **Postal Service recommends that you apply no later than October 19, 2020** in order to process your application and receive your absentee ballot in time to be voted by Election Day.

Absentee ballots will start to be mailed on **September 18, 2020.**

Envelopes containing voted absentee ballots <u>must</u> be postmarked by **November 3, 2020. However, the Postal Service recommends** mailing voted absentee ballots no later than **October 27, 2020.**

Envelopes containing voted absentee ballots can be dropped off at the **Board of Elections, any Early Voting Site, or any Election Day Polling Place in Onondaga County** as alternatives to mailing.

You can also check your **absentee application** and **ballot status** on our website at **onvote.net.**

# Get forms & information at
# onvote.net
# 315-435-VOTE



NON-PROFIT ORG.
US POSTAGE
PAID
SYRACUSE, NY
PERMIT NO. 3529

\*\*\*\*\*\*\*\*SCH 5-DIGIT 13203  57532  32  1

TO THE VOTERS AT:
2903 JAMES ST APT 1R
SYRACUSE, NY 13206-2127

---

# Dear Postal Customer,

If you vote by mail, we're committed to providing you a secure, effective way to deliver your ballot. Use this checklist to prepare:

☐ Start today. Give yourself and your election officials ample time to complete the process.

☐ Rules and dates vary by state, so contact your election board to confirm. Find links at **usps.com/votinginfo**

☐ Request your mail-in ballot (often called "absentee" ballot) at least 15 days before Election Day.

☐ Once received, follow the instructions. Add postage to the return envelope if needed.

☐ We recommend you mail your ballot at least 7 days before Election Day.

We're ready to deliver for you. Make sure you're ready, too.

# Your United States Postal Service

©2020 United States Postal Service®. All Rights Reserved.
The Eagle Logo is among the many trademarks of the U.S. Postal Service®.



**UNITED STATES POSTAL SERVICE**

475 L'ENFANT PLAZA SW
WASHINGTON, DC 20260

PRESORTED
STANDARD MAIL
POSTAGE & FEES PAID
USPS
PERMIT NO. G-10



MIX
Paper from responsible sources
FSC® C013141

Please Recycle

\*\*\*\*\*\*\*\*\*\*\*\*AUTO\*\*SCH 5-DIGIT 13203
F1R5-0866642A      0042205077           170/6430/1
Postal Customer
2903 James St Apt 5
Syracuse NY  13206-2127

Visit **usps.com/votinginfo**
or contact your election board.