Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

UNITED STATES DISTRICT COURT
for the
N.D. District of NY
_____ Division

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV - 9 2020
AT ____ O'CLOCK ____
John M. Domurad, Clerk - Syracuse

Howard Griffith,
Rebecca Sklaney,

Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

New York State,
Jan Nastri,

Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 5:20-cv-1312 (GLS/ML)
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☐ Yes ☑ No

## COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Howard Griffith
   Street Address: 2903 James Street, #1R
   City and County: Syracuse, Onondaga County
   State and Zip Code: NY 13206
   Telephone Number: 315-741-7420
   E-mail Address: griffithhowardw@gmail.com

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Page 1 of 5

Defendant No. 1
- Name: New York State
- Job or Title (if known): Attorney General
- Street Address: 300 South State Street, Suite 300
- City and County: Syracuse, Onondaga
- State and Zip Code: NY 13202
- Telephone Number: 315-448-4800
- E-mail Address (if known):

Defendant No. 2
- Name: Jan Nastri
- Job or Title (if known): Lessor, Realtor
- Street Address: 2501 James Street
- City and County: Syracuse, Onondaga
- State and Zip Code: NY 13206
- Telephone Number: 315-437-1037
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

52 U.S. Code 10303, Enforcement of Voting Rights § 10303(a)(2), 10303(c), 10303(d), 10303(f)(2), 13 U.S. Code 223 Proprietors Mishandling of Census; 34 U.S. Code Hate Crimes § 30505, Severability; 5th, 9th, 10th, and 14th Amendment Rights of the United States Constitution.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

---

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The People of the State of New York (10/01/19) and the mayor of Syracuse (04/13/2020) authorized Plaintiff to contact authorities. Governor Cuomo's signed bill, (06/12/2020) interferes as was the remedy provided on 07/27/2020, when the Onondaga County Sheriff ignored the complaint of dangerous activity on the premises of his landlord, Jan Nastri. Plaintiff addressed this to lessor to H.G. with documents to provide behavior of Perpetrators would be~~enforced~~, (08/24/2020)

(attached page [cont.])

### IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Provide this for injunctive relief for a restraining order for plaintiffs against Jan Nastri. Injunctive relief with Declaratory Judgment providing this to the United States Attorney General is this is substantive to the unprecedented procedures to complete the 2020 election. Also, precedent is established (Oct. 30, 2020) NYS court denies order to Show Cause, special Proceeding SU-2020-05851, (see attachment) H.G.

Howard Griffith, et al., vs New York State
Case Number: 5:20-cv-1312 (GLS/ML)
COMPLAINT FOR CIVIL CASE
III "Statement of Claim" (continued)
Lessor's negligence or willfulness to improperly handle the Census construed additional perpetration developing errors with regard to identifying a proper address or household. (09/16/2020) Plaintiff attempted to address all necessary causes or concerns with regard to failure to enforce the law on the property of his proprietor (via state, special proceeding) with regard to both New York State's and Lessor's failure to enforce this, as Plaintiff's latest concern was that the census could interfere with his sex offender registry, causing him to be punished. New York State could not maintain order through the judicial branch because of executive orders. With New York State and Jan Nastri making it too difficult to have these enforced, both Plaintiff and his roommate were concerned how these errors with regard to the census could interfere with their rights to vote; (10/21/2020) and with this being the latest consequence, this is being addressed with a federal action upon which Plaintiff, Howard Griffith, joins in this action with roommate, Rebecca Sklaney, to have all these enforced.

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: November 8, 2020

Signature of Plaintiff: *Howard Griffith*
Printed Name of Plaintiff: Howard Griffith

B.  **For Attorneys**

Date of signing: _____

Signature of Attorney        _____
Printed Name of Attorney     _____
Bar Number                   _____
Name of Law Firm             _____
Street Address               _____
State and Zip Code           _____
Telephone Number             _____
E-mail Address               _____

Howard Griffith, et al., vs New York State
Case Number: 5:20-cv-1312 (GLS/ML)
COMPLAINT FOR A CIVIL CASE

I. "The Parties to this Complaint"
  A. The Plaintiff(s) (additional)

  | | |
  |---|---|
  | Name | Rebecca Sklaney |
  | Street Address | 2903 James St., #1R |
  | City and County | Syracuse, Onondaga |
  | State and Zip Code | NY 13206 |
  | Telephone Number | 315-741-7420 |
  | E-mail Address | sklaneyrebecca@gmail.com |

V. "Certification and Closing"
  Under Federal Rule of Civil Procedure 11, by signing below [ ]:
  A. For Parties Without an Attorney
  I agree [ ]:

  Date of signing: November 8, 2020

  Signature of Plaintiff   Rebecca Sklaney
  Printed Name of Plaintiff   Rebecca Sklaney

At a Term of Supreme Court held in and for the County of Onondaga, in the City of Watertown, New York on October 30, 2020

Received 11/02/2020

H.G.

PRESENT: HONORABLE JAMES P. McCLUSKY
Supreme Court Justice

STATE OF NEW YORK
SUPREME COURT COUNTY OF ONONDAGA

In the Matter of the Application of
HOWARD GRIFFITH,

                              Petitioner,

ONONDAGA COUNTY

                              Respondent

For a Judgment Pursuant to Article 78 of
the Civil Practice Law and Rules.

**ORDER**

Index No. SU-2020-05851

COPY

      Howard Griffith has applied to this Court for an Order pursuant to CPLR §1101 granting permission to proceed as a poor person on the grounds that he does not have sufficient income or assets to pay the filing fees associated with this legal action styled as a CPLR Article 78 mandamus against the Onondaga County

      Mr Griffith's petition recites that he lives in proximity to an area used for the sale of illegal drugs and frequent loitering by persons involved in the illegal sale of drugs. Mr Griffith also details an incident wherein he damaged the vehicle of one of these persons and ultimately faced criminal charges. Apparently during the criminal proceeding against him Mr. Griffith raised the warranty of habitability as found in Real Property Law §235-b claiming that he was "subjected to ... conditions which would be dangerous, hazardous or detrimental to ... [his] life, health or safety". It further appears that Petitioner is asking this Court to compel Onondaga County to recognize these conditions as specifically mentioned in the criminal proceeding against Mr. Griffith, and to require the enforcement of the law

by Onondaga County.

In addition to his sworn petition Mr. Griffith has provided an affidavit in connection with his application to proceed as a poor person that qualifies him as being entitled to waiver of filing fees and appears to otherwise qualify as a "poor person". Although Petitioner qualifies as a poor person, CPLR §1101(a) requires a Court to review such applications on their merits. Thus a Court must not rubber stamp them simply because they are made by poor persons. Sledge v Hesson, 274 AD2d 777 (3rd Dept. 2000). Implicit in CPLR §1101(a), as a prerequisite to the granting of such relief, is a showing of merit. Matter of Aaron Joseph, 155 Misc 2d 724.

An Article 78 Mandamus to compel is a judicial command to an officer or body to perform a specified ministerial act that is required by law to be performed. Hamptons Hosp. & Med. Ctr., Inc. v Moore, 52 NY2d 88 [1981]. Only ministerial acts that involve no exercise of judgment or discretion are subject to mandamus to compel. Gimprich v Bd. of Educ., 306 NY 401 [1954]. Mr. Griffith is asking this Court to compel the Respondent County of Onondaga to enforce the law in the area of his residence. "*Basic legal precedent establishes, however, that even if the petitioners proffered evidence of non-enforcement of the rule at issue in particular instances, or even in general, the court is without authority to intervene. Contrary to the petitioner's assertion, the decision whether and in what instances police power should be exercised is peculiarly and unquestionably a discretionary function*" Juniper Park Civic Ass'n v. City of New York, 2006 NYLJ LEXIS 3016, (See, Mullaney v. Brown, 300 AD2d 307; Haydock v. Passidomo, 121 AD2d 540; Kerness v. Berle, 85 AD2d 695; Perazzo v. Lindsay, 30 AD2d 179).

An Article 78 mandamus to compel cannot be used to compel the exercise of police power, and as such the petition is without merit.

Therefore, it is

ORDERED, ADJUDGED AND DECREED that Plaintiff's application for permission

to proceed as a poor person pursuant to CPLR 1101 is respectfully denied and dismissed;

and it is further

ORDERED, ADJUDGED AND DECREED that this action will be dismissed unless the Plaintiff reimburses the Onondaga County Clerk's Office for the cost of the index number and RJI number within 120 days of the date of this order.

Dated: October 30, 2020
at Watertown, New York

ENTER

JAMES P. McCLUSKY
Supreme Court Justice

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.
ORIGINAL FILED
OCT 2 7 2020
AT_____ O'CLOCK
John M. Domurad, Clerk - Albany

Howard Griffith, et al.

vs.

New York State

CASE NUMBER: **5:20-cv-1312(GLS/ML)**

## ORDER DIRECTING ADMINISTRATIVE CLOSURE

Plaintiffs attempted to commence an action in the Northern District of New York on October 22, 2020. Plaintiffs have not paid the filing fee for this action, however, they have filed an In Forma Pauperis Application Form ("IFP Application").[1]

A civil action is commenced in federal district court by filing a complaint. Fed. R. Civ. P. 3. The statutory filing fee must also be paid at the time an action is commenced, unless the plaintiffs seek in forma pauperis status. *See* 28 U.S.C. §§ 1914(a), 1915(a).

**WHEREFORE**, it is hereby

**ORDERED** that, because this action was not properly commenced by filing a complaint consistent with Fed. R. Civ. P. 3, the Clerk is directed to administratively close this action; and it is further

**ORDERED** that, if plaintiffs desire to pursue this action, they must so notify the Court **WITHIN THIRTY (30) DAYS** of the filing date of this Order and file a complaint; and it is further

---

[1] The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00).

**ORDERED** that upon plaintiffs' compliance herewith, the Clerk shall reopen this action and forward it to the Court for review; and it is further

**ORDERED** that the Clerk serve a copy of this Order on plaintiffs along with a form complaint packet.

**IT IS SO ORDERED.**

October 27, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge