**In the United States District Court**
**For the Northern District of New York State**

--------------------------------------------------------------

| | |
|---|---|
| **In the Matter of Application of** | **Motion for Order to Show Cause and** |
| **Howard Griffith & Rebecca Sklaney, et al.,** | **Temporary Restraining Order to Maintain** |
| **Plaintiffs** | **Status Quo** |

**-against-**

**New York State, et al.,**
**Respondent.**                    **Case No.:  5:20-cv-1312 (GLS/ML)**

**For a Judgment Pursuant**
**42 U.S. Code Section 1983**

--------------------------------------------------------------

**STATE OF NEW YORK)**
**COUNTY OF ONONDAGA)ss.:**

```
U.S. DISTRICT COURT - N.D. OF N.Y.
        F I L E D
        DEC 1 5 2020
AT_____O'CLOCK_____
John M. Domurad, Clerk - Syracuse
```

I, Howard Griffith, am the Petitioner in the above proposed proceeding and I duly depose
and say:

### Nature of the Proceeding

Howard Griffith, et al. v New York, 5:20-cv-1312 (GLS/ML); Howard Griffith v

New York, No. 20-6395, and Section 29-a of article 2-b of the Executive Law of

New York State pursuant to Executive Orders 202.67 & 202.8 provide the remedy

that Governor Cuomo is abusing his executive authority to take jurisdiction over

the United States Supreme Court in violation of Plaintiff's Constitutional Rights.

However, it is necessary to provide a temporary restraining order to maintain this

remedy so that New York State cannot become immune from its liabilities.

## Nature of the Cause

**I) New York State's Liabilities** Just as much as New York State should have been liable for protecting Plaintiff from Penalties pursuant to NY Correction Law Section 168-t with regard to errors involving the census and invalid identities of people identified as residing in his household, New York State should have been liable for protecting his voting rights with regard to errors involving the census and invalid identities of people identified as residing in his household. Merit provides the United States has to provide the relief to dismiss his underlying conviction with regard to Howard Griffith v New York, No. 20-6395, "as it applies" to the substantive decision in "People v Griffith, 166 AD3d 1518 (4th Dept 2018)" to provide the declaration with regard to Howard Griffith, et al. v New York, No. 5:20-cv-1312 (GLS/ML) "as it applies" to the substantive decision in "Department of Commerce v. New York, No. 18-966, 588 U.S. ___ (2019)". If not, the address provided for Plaintiff's sex offender registry will never have merit and neither will his vote. If New York State had the authority to dismiss Plaintiff's underlying conviction, with regard to "People of the State of New York v Howard Griffith, 2001-0883-1", the error New York State made, failing to protect Plaintiff's voting rights could not be provided for a declaration, because the omission Plaintiff had taken his action with to provide substance that his address needed to be corrected, via special proceeding, pursuant to NY CPLR Article 78, would be null and void.

2

Nonetheless, if the United States provided that relief, the declaration could still be made as the liability would still stand. The action taken via 42 USC 1983 requesting Declaration that Plaintiff's voting rights were being violated was substantive with errors regarding the census. This was consequential to the remedy with regard to the omission being provided for Plaintiff''s sex offender registry to take action via special proceeding pursuant to CPLR Article 78. The omission was to develop the process to preserve the cause that Order could be provided, via the court, to have the authorities take action to correct the address with regard to Plaintiff's sex offender registry. This was necessary for Plaintiff to be protected from penalties pursuant to Correction Law Section 168-t, as these were also substantive with errors with regard to the census, and because New York State did not correct the errors addressed pursuant to CPLR Article 78, those remedies were preserved to have been taken via 42 USC Section 1983. The CPLR Article 78 petition was initially drafted and provided for Plaintiff''s landlord, Jan Nastri, as an Arbitration he had prepared as an Arbiter providing he could take the action to the court if there were any errors with regard to the policy for his home address, substantive to NY Real Property Law Section 235-B to provide substance that Defendant would not be subject to any conditions which would be dangerous, hazardous, or detrimental to his life, health or safety upon the liabilities of his landlord. (This being substantive to a fundamental remedy provided with regard to

3

a conviction prosecuted by the Onondaga County District Attorney, preserving

Plaintiff could contact the police instead of defending himself.) Errors with regard

to the census developed the full cause precedent was established that he could

amend the draft to take the action to court, as he presented it with the action, with

the omission provided for his sex offender registry; the nature of the proceeding

fundamental to the information with regard to the Arbitration. With the State's

error with regard to the failure to correct this, character had been preserved in the

nature of the cause to develop a strategy to have it provided for a procedure in the

federal court as Plaintiff had to address it with regard to a federal issue involving

violation of voter rights. This was necessary to maintain the remedy regarding

Plaintiff's requirements to have properly handled the Arbitration as an Arbiter for

his own personal safety along with the safety of his roommate. With New York

State dismissing Plaintiff's conviction pursuant to People v Griffith, 2001-0883-1,

it would develop substance for an ex parte order with regard to the special

proceeding taken via CPLR Article 78, SU-2020-005851, because both cases are

substantive to the causes New York State was liable to correct with regard to

Plaintiff's sex offender registry. Therefore, the Nature of the Cause in Howard

Griffith v Onondaga County, SU-2020-005851 would be null and void, providing

the remedy for the Nature of the Proceeding in Howard Griffith, et al. v New York,

5:20-cv-1312 (GLS/ML) to be null and void. With this, the substance would be

developed for Howard Griffith, et al. v New York, 5:20-cv-1312 (GLS/ML) to be

an error of the most fundamental character. Nevertheless, with the United States

District Court of the Northern District of New York or the United States Supreme

Court providing that relief, that process would still be preserved to obtain the

declaration and the merits for the Arbitration for his personal safety as New York

State would not have satisfied any of its liabilities. This would be necessary to

preserve Plaintiff's civil rights.


**II) The People of the State of New York, County of Onondaga, Should not be
Immune from Liabilities** Plaintiff served a copy of his Civil Practice Law and

Rules Article 78 Petition, Howard Griffith v Onondaga County, SU-2020-005851,

on the District Attorney of Onondaga County in New York State on September 17,

2020, at 11:07 am. This may provide that the Onondaga County District Attorney

can now be deemed subject to being a party to both actions as a fundamental

procedure has been satisfied to join these actions on account that the United States

District Court of the Northern District of New York has confirmed Plaintiff is a

"Prisoner" as defined in 28 USC Section 1915(h), substantive to prosecution by the

district attorney of Onondaga County in New York State, with regard to penalties

pursuant to NY Correction Law Section 168-t, precedented on the most

fundamental remedy with regard to People v Griffith, 2001-0883-1. It can be

determined Plaintiff was defined as a prisoner via Howard Griffith, et al. v New

York, No. 5:20-cv-1312 (GLS/ML) because his motion was placed on the docket

with regard to being screened pursuant to 28 U.S. Code § 1915A, to provide it can

be deemed the United States District Court of the Northern District of New York

has reviewed his 42 US Code Section 1983 motion to determine it was feasible.

This was provided to the Onondaga County District Attorney in the case that it

may have been necessary for the District Attorney to have served as a

"Confidential Secretary" pursuant to NY County Law Section 700(5), for

Onondaga County, with regard to the action taken with Order to Show Cause for

"Howard Griffith v Onondaga County". This could have established precedent that

Onondaga County and New York State would have been afforded Immunity from

Liabilities pursuant to NY Correction Law Section 168-r, with regard to the

remedies in each of these two cases as the Onondaga County District Attorney

should have been well aware that it was necessary for himself to have addressed

this. Nevertheless, failure to address this would have most likely resulted in

Plaintiff being prosecuted for penalties pursuant to NY Correction Law Section

168-t, after "Howard Griffith v Onondaga County, SU-2020-005851" was denied

Order to Show Cause on October 30, 2020, if Plaintiff had not preserved the cause

via 42 U.S. Code Section 1983. The United States District Court of the Northern

District of New York should be well aware that Defendant had served a copy of

this because Defendant had provided a stamped copy of "Howard Griffith v

Onondaga County, SU-2020-005851" to be filed with "Howard Griffith, et al. v

New York, 5:20-cv-1312 (GLS/ML)" confirming that it was received by the

District Attorney of New York State, County of Onondaga, at that setting.

**III) Coram Nobis or Habeas Corpus?** Because of the remedies Plaintiff

preserved with his first and second "Reasons for Granting Relief" for his

Supplement in Application for this Petition for Writ of Certiorari, Supplement

dated: November 30, 2020; and Because Plaintiff exhausted his state remedies as

the Defendant pursuant to People v Griffith, 166 AD3d 1518 (4th Dept 2018) on

October 22, 2020; and Because the United States District Court of the Northern

District of New York provided Plaintiff was a "prisoner" pursuant to 28 US Code

Section 1915(h), as of October 27, 2020, with regard to Howard Griffith, et al. v

New York, 5:20-cv-1312 (GLS/ML); it must be necessary for the United States

District Court of the Northern District of New York or the United States Supreme

Court to provide a judgment pursuant to Writ of Habeas Corpus or Writ of Coram

Nobis. It is necessary for a "prisoner" to pursue a contest for his underlying

conviction with regard to the intentions of writ of habeas corpus if he so pleases.

Nevertheless, precedent was established in the Supreme Court of the State of New

York, Appellate Division/Fourth Department, with "People v Griffith, 166 AD3d

1518 (4th Dept 2018), KA 17-01664" on November 9, 2018, from an appeal taken

7

from a Sex Offender Modification Proceeding pursuant to New York Correction

Law Section 168-o(2), taken as an omission, via direct appeal, pursuant to NY

Criminal Procedure Law Section 450.10(1), upon which the Supreme Court of the

State of New York, Appellate Division/Fourth Department decided to disregard the

omission pursuant to NY Civil Practice Law and Rules Section 2001, to deem the

appeal to have been properly taken. New York State does not define a registered

sex offender as a "prisoner", and it was New York State who determined Plaintiff

was denied effective assistance of counsel, via direct appeal with a special

proceeding, more than seven years after Plaintiff had completed his sentence.

However, New York State is also violating Plaintiff's 5th, 9th, 10th and 14th

Amendment Rights of the Constitution of the United States as New York State

does not have jurisdiction over the federal courts and New York State violates

Plaintiff's Constitutional Rights to the [law library] pursuant to Bounds v Smith,

430 US 817 (1977) and Lewis v Casey, 518 US 343 (1996) as the United States

District Court of the Northern District of New York, has provided merit that

Plaintiff is a "prisoner" pursuant to 28 US Code Section 1915(h). It was the

negligence or bad faith of the District Attorney of the State of New York/County of

Onondaga to perform his duties pursuant to NY Correction Law Section 168-r(2)

as "People v Griffith, 2001-0883-1" is Confidential Pursuant to NY Civil Rights

Law Section 50(b); "Howard Griffith v Onondaga County, SU-2020-005851"

8

involves substantive errors with regard to Plaintiff's sex offender registry upon

which he may have been subject to Penalties pursuant to NY Correction Law

Section 168-t; the Onondaga County District Attorney has access to the

Confidentiality of "People v Griffith, 2001-0883-1" pursuant to NY Civil Rights

Law Section 50(b). Therefore, the Onondaga County District Attorney should have

had a duty to serve as "Confidential Secretary" upon his own pleasure pursuant to

NY County Law Section 700(5) to provide corrections for errors substantive to

Plaintiff's [invalid] conviction. However, the Onondaga County District Attorney

would not have had the authority to provide himself that position as that would

have been a decision of the board of supervisors working for Onondaga County.

Nevertheless, the Onondaga County District Attorney had the liability to provide

this information for Onondaga County pursuant to NY Correction Law Section

168-r(2). Whether or not Onondaga County would have authorized a position for

the Onondaga County District Attorney to serve as Confidential Secretary upon his

own pleasure, it can obviously be deemed it was the negligence or pleasure of the

Onondaga County District Attorney to violate Plaintiff's 5th, 9th, 10th and 14th

Amendment Rights of the Constitution of the United States by not satisfying his

liability pursuant to NY Correction Law Section 168-r(2) by not providing

Onondaga County the information to make that decision to provide that the

Onondaga County District Attorney negligently or at his own pleasure "made the

9

decision" to violate Plaintiff's Constitutional Rights. Therefore, New York State nor Onondaga County should be immune from any liabilities substantive to their negligence for thwarting Plaintiff's rights or privileges to the United States District Court of the Northern District of New York or United States Supreme Court as New York does not have that jurisdiction. Based on the most fundamental remedy, Plaintiff's judgment/decision/order for his sentence, conviction, and indictment needs to be annulled, vacated, and set aside as New York State and/or Onondaga County has failed to satisfy their responsibilities. Therefore, New York State should no longer have the jurisdiction to correct errors to satisfy immunity from liabilities as New York State has already failed that duty upon negligence or their own pleasure. It can now be deemed New York State violates Plaintiff's Constitutional Right to the Federal Court and takes the jurisdiction over the federal court with the abuse of process of Section 29-a of article 2-b of the Executive Law of New York State pursuant to Executive Orders 202.67 & 202.8, interfering with Plaintiff's right to the law library. New York State does not have that jurisdiction. This provides more cause to support "People v Griffith, 2001-0883-1" is an error of the most fundamental character and Plaintiff needs to immediately be provided Coram Nobis or Habeas Corpus relief as a Defendant or provided a temporary restraining order before the abuse of process of Section 29-a of article 2-b of the Executive Law of New York State pursuant to Executive Orders 202.67 & 202.8

were to, ironically, be relieved. If not the remedy would be provided for New York

State to correct that error, and New York State would be authorizing Plaintiff's

landlord, Jan Nastri, to place him and his roommate under conditions which would

be deemed as dangerous, hazardous, or detrimental to his or her life, health, or

safety.

**WHEREFORE**, this provides even more substantive elements to support a

procedurally defaulted claim pursuant to "People v Griffith, 166 AD3d 1518."

Evidence exists to prove Plaintiff is "actually innocent" and the description of the

evidence and the location where it can be found are provided in People v Griffith,

KA 17-01664. Whether or not this contest has merit, New York State should be

completely "liable" for not authorizing Plaintiff to interpret this in violation of his

5th, 9th, 10th, and 14th Amendment Rights of the United States Constitution.

Therefore, more cause has been provided, "People of the State of New York v

Howard Griffith, 2001-0883-1" is an error of the most fundamental character.

*Howard Griffith*

Howard Griffith

Sworn to before me this 14 day of December, 2020

*Keith Mitchell*

**KEITH MITCHELL**
**Notary Public - State of New York**
**No. 01MI6381905**
**Qualified in Onondaga County**
**My Commission Expires Oct. 15, 2022**