UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HOWARD GRIFFITH; and
REBECCA SKLANEY,

                     Plaintiffs,

v.                                                5:20-CV-1312
                                                (GLS/ML)

NEW YORK STATE, Attorney General; and
JAN NASTRI, Lessor, Realtor,

                     Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

HOWARD GRIFFITH
  Plaintiff, *Pro Se*
2903 James Street, #1R
Syracuse, New York 13206

REBECCA SKLANEY
  Plaintiff, *Pro Se*
2903 James Street, #1R
Syracuse, New York 13206

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

**I.    INTRODUCTION**

      The Clerk has sent this *pro se* complaint (Dkt. No. 4) together with an amended application to proceed *in forma pauperis* (Dkt. No. 5) and a petition for writ of habeas corpus (Dkt. No. 13) filed by Howard Griffith and Rebecca Sklaney ("Plaintiffs") to the Court for review. For the reasons discussed below, I grant Plaintiffs' amended *in forma pauperis* application (Dkt. No. 5) and recommend that Plaintiffs' (1) Complaint (Dkt. No. 4) be dismissed

with leave to amend, and (2) petition for writ of habeas corpus (Dkt. No. 13) be dismissed without prejudice.

## II.    BACKGROUND

On October 22, 2020, Plaintiffs (who are roommates) attempted to commence this action by filing a motion for a temporary restraining order (Dkt. No. 1) and a motion for leave to proceed *in forma pauperis* (Dkt. No. 2).  On October 27, 2020, Senior United States District Judge Gary L. Sharpe issued an order directing that the case be administratively closed for failure to comply with Fed. R. Civ. P. 3.  (Dkt. No. 3.)

On November 9, 2020, Plaintiffs filed the Complaint (Dkt. No. 4) and an amended motion to proceed *in forma pauperis* (Dkt. No. 5).  The Complaint asserts causes of action against the New York State Attorney General and Jan Nastri, Lessor, Realtor (collectively "Defendants").  (*See generally* Dkt. No. 4.)

While the Complaint is extraordinarily difficult to decipher, Plaintiffs appear to allege that, because of Plaintiff Griffith's sex offender status, incorrect census information will somehow impinge upon their voting and housing rights.  (*Id*.)  The Complaint appears to assert causes of action pursuant to: (1) 52 U.S.C. § 10303, (2) 13 U.S.C. § 223, (3) 34 U.S.C. § 30505, (4) the Fifth Amendment and 42 U.S.C. § 1983, (5) the Ninth Amendment and 42 U.S.C. § 1983, (6) the Tenth Amendment and 42 U.S.C. § 1983, and (7) the Fourteenth Amendment and 42 U.S.C. § 1983.  (Dkt. No. 4 at 3.)  As relief, Plaintiffs seek "injunctive relief for a restraining order . . . against Jan Nastri[,] [i]njunctive relief with [d]eclaratory [j]udgment, providing this to the United States Attorney General is this is substantive to the unprecedented procedures to complete the 2020 election."  (Dkt. No. 4 at 4.)

On December 15, 2020, Plaintiffs filed a petition for a writ of habeas corpus (Dkt. No. 13, Attach. 1), along with a memorandum of law in support (Dkt. No. 13).  This filing seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and challenges Plaintiff Griffith's 2002 conviction, upon a guilty plea, in Onondaga County for first degree rape.  (Dkt. No. 13, Attach. 1 at 1-2.)  Plaintiff Griffith appears to argue that his plea was invalid and that his counsel was constitutionally ineffective during his plea and subsequent sex offender registration modification hearings.  (Dkt. No. 8 at 49-61.)

**III.    PLAINTIFFS' AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS***

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[1]  After reviewing Plaintiffs'

---

[1]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

amended *in forma pauperis* application (Dkt. No. 5), the Court finds that Plaintiffs meet this standard.[2]  Therefore, Plaintiffs' amended application to proceed *in forma pauperis* is granted.[3]

## IV.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to

---

[2]      The United States Department of Health and Human Services publishes yearly Poverty Guidelines.  Those guidelines reflect that, for 2020, the poverty threshold for a family/household of one is $12,760.  *See* United States Dep't of Health & Human Servs., https://aspe.hhs.gov/poverty-guidelines (last visited December 22, 2020).  Individually, Plaintiffs are below this threshold amount.  (Dkt. No. 5 at 2-3.)  The guidelines also reflect that the poverty threshold for a family/household of two is $17,240.  When the incomes of Plaintiffs are combined and considered as one household—because they live together—Plaintiffs are above the threshold for a household of two.  However, because it is not clear whether Plaintiffs are financially co-dependent or independent, the Court grants their motion for to proceed *in forma pauperis*.

[3]      Plaintiffs are reminded that, although the amended application to proceed *in forma pauperis* has been granted, they will still be required to pay fees that they may incur in this action, including copying and/or witness fees.

4

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston*

5

*v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## V.  ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiffs' Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiffs' Complaint is comprised of twelve pages of incoherent text, written on a form-complaint from the Clerk's office with orders from this Court and New York State Supreme Court, attached to it.  (*See generally* Dkt. No. 4.)  By way of example, in the "Statement of Claim" portion of the Complaint, Plaintiffs allege as follows:

> The People of the State of New York (10/01/19) and the mayor of Syracuse (04/13/2020) authorized Plaintiff to contact authorities. Governor Cuomo's signed bill, (06/12/2020) interferes as was the remedy provided on 07/27/2020, when the Onondaga County Sheriff ignored the complaint of dangerous activity on the premises of his landlord, Jan Nastri.  Plaintiff addressed this to lessor with documents to provide behavior of Perpetrators would be enforced. (08/24/2020)

(Dkt. No. 4 at 4.)  Plaintiffs further allege that:

> Lessor's negligence or willfulness to improperly handle the Census construed additional perpetration developing errors with regard to identifying a proper address or household, (09/16/2020) Plaintiff attempted to address all necessary causes or concerns with regard to failure to enforce the law on the property of his proprietor (via state, special proceeding) with regard to both New York State's and Lessor's

>failure to enforce this, as Plaintiff's latest concern was that the census could interfere with his sex offender registry, causing him to be punished.

(Dkt. No. 4 at 5.)

As the Complaint is currently drafted, the Court is unable to meaningfully analyze, whether, and to what extent, Plaintiffs have pleaded any colorable claim against Defendants. (*See generally* Dkt. No. 4.)[4] Plaintiffs' Complaint places an unjustified burden on the Court and, ultimately, on Defendants "'to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

As a result, I recommend the Complaint be dismissed as frivolous. *See, e.g., Gillich v. Shields*, 18-CV-0486, 2018 WL 2926299 (N.D.N.Y. Apr. 30, 2018) (Peebles, M.J.), *report and recommendation adopted by* 2018 WL 2926302, at *3 (N.D.N.Y. Jun. 8, 2018) (D'Agostino, J.); *Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); *see also Salahuddin*, 861 F.2d at 42 ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").[5]

---

[4] The Court also notes that, despite there being two Plaintiffs in this action, the statement of claims portion of the Complaint repeatedly refers to a single Plaintiff. It is unclear whether Plaintiffs' singular use of the word "Plaintiff" was an oversight, and intended to refer to both Plaintiffs, or whether the alleged facts relate only to one of the two Plaintiffs.

[5] In the alternative, the Court recommends that to the extent Plaintiffs seek to assert any causes of action pursuant to 13 U.S.C. § 223, those causes of action be dismissed for failure to

## VI.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[6]

In this case, it is not clear whether better pleading would permit Plaintiffs to assert a cognizable cause of action against Defendants. Out of deference to Plaintiffs' *pro se* status, however, I recommend that they be granted leave to amend the Complaint.

---

state a claim. "There is no private right of action to enforce either state or federal criminal statutes." *George v. Progressive Ins. Agency, Inc.*, 18-CV-1138, 2018 WL 4660379, at *3 (N.D.N.Y. Sept. 28, 2018) (Baxter, M.J) (citing *Carvel v. Ross*, 09-CV-0722, 2011 WL 856285, at *11-12 (S.D.N.Y. Feb. 6, 2011)).

[6]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

If Plaintiffs choose to avail themselves of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which they rely to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiffs are informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

## VII.    PLAINTIFFS' PETITION FOR HABEAS CORPUS

Whether an individual can seek habeas relief as an additional method of recovery after a civil complaint has been filed need not be answered because, even assuming that was possible, there are too many deficiencies in Plaintiff Griffith's habeas petition for it to continue in this action.

An individual may only challenge the fact or duration of his confinement through a habeas corpus petition. *Wilkinson v. Dotson*, 544 U.S. 74, 78-83 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (explaining that "the traditional purpose of habeas corpus" is to "attack[] . . . the fact or length of . . . confinement," and if an individual is "seeking something other than immediate or more speedy release," the remedy lies in a different type of action)). A habeas petition requires that "a person [be] in custody pursuant to the judgment of a State Court[.]" 28 U.S.C. § 2254(a).

Further, an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii). "A [petitioner] may not circumvent the exhaustion requirement for habeas corpus relief by [attacking a conviction] in a civil action." *Crocker v. Bedford Hills Corr. Facility*, 19-CV-11401, 2020 WL 626374, at *4 (S.D.N.Y. Oct. 23, 2020) (citing *Preiser*, 411 U.S. at 489-90).

Here, there are several problems with Plaintiff Griffith's attempt to seek habeas relief during the course of his civil action. First, federal law provides that a habeas corpus petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. "When the motion is brought by a person other than the prisoner, that 'next friend' must demonstrate that he or she has standing to act on the prisoner's behalf." *Nelson v. Thompson*, 14-CV-3414, 2014 WL 3882322, at *2 (E.D.N.Y. Aug. 7, 2014). Here, the civil action includes two plaintiffs and the habeas petition was signed by Plaintiff Sklaney, despite purporting to challenge Plaintiff Griffith's conviction. (*See* Dkt. No. 13, Attach. 1 at 1, 15.) However, the habeas petition can only concern one individual unless it is being brought by a "next friend" on the petitioner's behalf. Nothing in the pleading indicates that Plaintiff Griffith is incapable of asserting his own rights or advocating for himself. Therefore, there is no reason that Plaintiff Sklaney should have signed the petition on his behalf since it is clear Plaintiff Griffith is the individual who is seeking relief through the petition. Thus, I recommend that the habeas petition be dismissed as deficient.

Second, the habeas statute requires an individual to meet the "in custody" requirement for this Court to have jurisdiction over the petition. *See Hurdle v. Sheehan*, 13-CV-6837, 2016 WL

4773130, at *2 (S.D.N.Y. Sept. 12, 2016) (quoting 28 U.S.C. § 2254(a)) ("A district court has subject matter jurisdiction to consider a state prisoner's petition for habeas relief 'only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States' at the time he files the petition."). It is not clear whether Plaintiff Griffith meets this threshold requirement from these submissions.[7]

Third, Plaintiff Griffith has failed to exhaust his state court remedies with respect to his conviction. To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

---

[7] The Court notes that on February 13, 2015, Plaintiff Griffith commenced a *pro se* civil rights action in the Northern District of New York, Civil Action No. 5:15-CV-0168 (MAD/ATB) ("*Griffith I*") against New York State Court/Onondaga County and New York State Division of Criminal Justice Services. (*Griffith I*, Dkt. No. 1.) On February 23, 2015, United States Magistrate Judge Andrew T. Baxter issued an order and report-recommendation, that granted Plaintiff Griffith's amended motion to proceed IFP and recommended that the action be dismissed with prejudice for failure to state a claim. (*Griffith I*, Dkt. No. 6.) Judge Baxter concluded that "the plaintiff is requesting relief available only in a habeas corpus application" and "such application is unavailable to him" because his "sentence expired in 2011, so he is not in custody for purposes of a petition for habeas corpus." (*Id*. at 6.) On March 13, 2015, Plaintiff Griffith filed a letter motion requesting that *Griffith I* be dismissed. (*Griffith I*, Dkt. No. 7.) On August 7, 2015, United States District Judge Mae A. D'Agostino granted Plaintiff's notice to withdraw the complaint without ruling on Judge Baxter's report and recommendation. (*Griffith I*, Dkt. No. 8.)

While Plaintiff Griffith includes an Appellate Division decision in support of his filings, it concerns a "modification of his previously-imposed classification as a level three risk pursuant to the Sex Offender Registration Act [("SORA")]." *People v. Griffith*, 166 A.D.3d 1518 (4th Dep't 2018).[8] This decision affirmed Plaintiff Griffith's argument that "he was denied effective assistance of counsel [during his SORA hearing] . . . and . . . reinstate[d] the petition, and remit[ted] the matter to County Court for a new hearing on the [modification] petition." *Griffith*, 166 A.D.3d at 1519. However, the Fourth Department was careful to point out to Plaintiff Griffith that he was not able "to challenge his plea or other aspects of his underlying conviction [because i]t is well settled that a SORA hearing may not be used to challenge the underlying conviction." *Id.* at 1520 (citing cases).

It appears that Plaintiff Griffith mistakenly believes he has exhausted his state law remedies, (Dkt. No. 13, Attach. 1 at 2-3); however, Plaintiff Griffith never raised the issue of the validness of his plea nor the quality of his representation during his underlying criminal proceedings to the state courts. As explained to Plaintiff Griffith in correspondence from Onondaga County Court Judge Thomas J. Miller,

> [T]here is no legal basis for [the court] to order the expungement of any records because the Appellate Division, Fourth Department has not reversed [Plaintiff Griffith's] conviction . . . . Rather, the Fourth Department held that [Plaintiff Griffith] had been deprived of the effective assistance of counsel with regard to [his] prior application for a downward modification of [his] classification as a level three risk under the Sex Offender Registration Act[.]

(Dkt. No. 8 at 70; *accord id.* at 72.) Accordingly, his claims challenging his plea and conviction remain unexhausted.

---

[8] Plaintiffs include a copy of the Fourth Department's Decision. (Dkt. No. 8 at 64-66.)

Finally, the petition appears untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[9]

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009). The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Here, it does not appear that Plaintiff Griffith filed a direct appeal challenging his conviction. Therefore, because Plaintiff Griffith failed to file a notice of appeal, his conviction became final thirty days after he was sentenced. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d

---

[9] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

Cir. 2002) (per curiam) (explaining that the one-year statute of limitations began to run when the petitioner's time for filing a notice of appeal from the judgment of conviction expired); *Vaughan v. Lape*, 05-CV-1323, 2007 WL 2042471, *4 (N.D.N.Y. July 12, 2007) (Hurd, J.) (quoting CPL § 460.10(1)(a)) ("In New York, a defendant has thirty days after the 'imposition of the sentence' to notify the court that he will appeal."); *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). Accordingly, Plaintiff Griffith's conviction became final on February 28, 2002. Therefore, Plaintiff Griffith had until February 28, 2003, to timely file his habeas petition. 28 U.S.C. § 2244(d)(1). The present petition, signed December 14, 2020, is over seventeen years past the termination of the statute of limitations.

Further, based on the information presented in the petition, it does not appear that the statute of limitations should be statutorily or equitably tolled. First, it does not appear that any of Plaintiff Griffith's state-court challenges regarding his SORA modification are properly filed collateral challenges to his underlying conviction. *See Griffith*, 166 A.D.3d at 1520 (citing cases). Second, Plaintiff Griffith's Article 78 petition, assuming it was a proper collateral challenge, was not filed until 2020. This is seventeen and a half years after the statute of limitations expired. Therefore, the Article 78 motion would have no bearing on the present analysis because an application for collateral relief cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, 16-CV-0513, 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (D'Agostino, J.) (citations omitted); *accord, Roberts v. Artus*, 16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling."). Moreover, nothing in Plaintiff Griffith's filings indicate equitable tolling applies to excuse any delays.

14

Accordingly, at a minimum, I recommend that the habeas petition be dismissed because it is unexhausted. To the extent that this recommendation is accepted by the Court, Plaintiff Griffith may individually file a petition for a writ of habeas corpus; however, any such motion must be filed after all available state remedies have been exhausted, or should explain why such remedies were unavailable to Plaintiff Griffith, as well as address why any such petition should not be dismissed as untimely.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' amended IFP application (Dkt. No. 5) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLAD** Plaintiffs' Complaint (Dkt. No. 4) for frivolousness, pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiffs' petition for habeas corpus (Dkt. No. 13), for failure to exhaust available state court remedies; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiffs, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10] Such objections shall be filed with the

---

[10] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to

Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated:  December 28, 2020
         Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).