**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**HOWARD GRIFFITH et al.,**

**Plaintiffs,**                          **5:20-cv-1312**
                                                  **(GLS/ML)**

**v.**

**NEW YORK STATE**
**ATTORNEY GENERAL et al.,**

**Defendants.**

_____

### <u>SUMMARY ORDER</u>

The above-captioned matter comes to this court following an Order

and Report-Recommendation (R&R) by Magistrate Judge Miroslav Lovric,

duly filed on December 28, 2020.  (Dkt. No. 17.)  Following fourteen days

from the service thereof, the Clerk has sent the file, including any and all

objections filed by the parties herein.  Plaintiffs _pro se_ Howard Griffith and

Rebecca Sklaney filed timely objections to the R&R.  (Dkt. No. 18.)  For the

reasons that follow, the R&R is adopted in its entirety, Griffith's petition[1] for

a writ of habeas corpus, (Dkt. No. 13), is dismissed without prejudice, and

plaintiffs' complaint, (Compl., Dkt. No. 4), is dismissed with leave to

_____

[1]  As noted in the R&R, (Dkt. No. 17 at 10), both plaintiffs signed the
petition for a writ of habeas corpus.  However, the relief requested only
applies to Griffith.

replead.

Plaintiffs bring this action pursuant to 52 U.S.C. § 10303, 13 U.S.C. § 223, 34 U.S.C. § 30505, and 42 U.S.C. § 1983 against defendants New York State Attorney General and Jan Nastri, Lessor, Realtor, asserting various claims, which, although difficult to decipher, appear to revolve around their belief that, because of Griffith's sex offender status, incorrect census information impinged upon their voting and housing rights.[2]  (*See generally* Compl.)  Prior to initial review, Griffith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging Griffith's 2002 conviction, upon a guilty plea, for first degree rape in New York State Supreme Court in Onondaga County.  (Dkt. No. 13.)

After granting *in forma pauperis* status, Judge Lovric conducted an initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, as well as a review of the petition for a writ of habeas corpus, and issued the R&R, which recommends dismissal of Griffith's petition, without prejudice, as well as dismissal of plaintiffs' complaint with leave to replead.

_____

[2]  Plaintiffs initially commenced this action by filing a motion for a temporary restraining order.  (Dkt. No. 1.)  Shortly thereafter, the court issued an order directing that the case be administratively closed for failure to comply with Fed. R. Civ. P. 3.  (Dkt. No. 3.)

(Dkt. No. 17 at 15.)

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006).  In cases where no party has filed an objection, or only vague or general objections have been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.* at *5.

Plaintiffs have filed a largely incoherent and incomprehensible document that arguably objects to the R&R.  (Dkt. No. 18.)  It is extraordinarily difficult for the court to make sense of plaintiffs' objections, if there are any.  However, it is clear that plaintiffs do not object to any specific element of Judge Lovric's findings, and, thus, their objections, if they can be considered objections at all, are general and subject to review only for clear error.  *See Almonte*, 2006 WL 149049 at *4.  The court has carefully considered the R&R, and finds no clear error in Judge Lovric's thorough analysis, which squarely addresses the issues with plaintiffs'

3

complaint and Griffith's petition for a writ of habeas corpus, and provides

multiple, appropriate reasons for dismissal.  Accordingly, the R&R is

adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Order and Report-Recommendation (Dkt.

No. 17) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Griffith's petition for a writ of habeas corpus (Dkt.

No. 13) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that plaintiff's complaint (Dkt. No. 4) is **DISMISSED**

**WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD**; and it is

further

**ORDERED** that plaintiffs may file an amended complaint[3] within thirty

(30) days of the date of this Summary Order; and it is further

**ORDERED** that, if plaintiffs file a timely amended complaint, the

Clerk shall forward it to Judge Lovric for review; and it is further

_____

[3] Any proposed amended complaint must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). This means that any proposed amended complaint cannot merely refer back to their previous complaint.

4

**ORDERED** that, if plaintiffs do not file a timely amended complaint, the Clerk shall enter judgment without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to plaintiffs in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

May 4, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

5