COMPLAINT: 5:20-cv-1312 (GLS/ML)

In the United States District Court
of the Northern District of New York
------------------------------------------------

Howard Griffith, et al.                    Case No.: 5:20-cv-1312 (GLS/ML)
Rebecca Sklaney, et al.
*Plaintiff [ ]*

      vs                    No Jury Trial



New York, et al.
*Respondent [ ]*
------------------------------------------------

## COMPLAINT FOR A CIVIL CASE

**I.  The Parties to This Complaint**

  A. <u>PLAINTIFFS</u>

     Howard Griffith
     2903 James Street, # 1R
     Syracuse, NY 13206
     315-741-7420
     <u>griffithhowardw@gmail.com</u>

     Rebecca Sklaney
     2903 James Street, # 1R
     Syracuse, NY 13206
     315-741-7420
     <u>sklaneyrebecca@gmail.com</u>

  B. <u>DEFENDANTS</u>

     New York State Attorney General
     300 South State Street, Suite 300
     Syracuse, NY 13202
     315-448-4800

COMPLAINT: 5:20-cv-1312 (GLS/ML)

DEFENDANTS (continued)

Jan Nastri
Lessor, Realtor
2501 James Street
Syracuse, NY 13206

## II. Basis for Jurisdiction

Federal Question

52 U.S. Code 10303: Enforcement of Voting Rights
- 52 USC 10303(a)(2)
- 52 USC 10303(c)
- 52 USC 10303(d)
- 52 USC 10303(f)(2)

13 U.S. Code 141: Population and Other Census Information

13 U.S. Code 223: Proprietors Mishandling of Census

18 USC Section 231(a)(3) obstruction, impediment or interference with the distribution of the census

United States Constitution
- 5th Amendment
- 9th Amendment
- 10th Amendment
- 14th Amendment

## III. Statement of Claim

New York State should have been liable for protecting Plaintiff Griffith from

Penalties pursuant to NY Correction Law Section 168-t with regard to errors

involving the census and invalid identities of people identified as residing in his

COMPLAINT: 5:20-cv-1312 (GLS/ML)

household. **(NY Correction Law Section 168-t, "Penalty": Any sex offender required to register or to verify pursuant to the provisions of this article who fails to register or verify in the manner and within the time periods provided for in this article shall be guilty of a class E felony upon conviction for the first offense, and upon conviction for a second or subsequent offense shall be guilty of a class D felony... )** Plaintiff Griffith provided it needed to have been considered for it to have been necessarily appropriate to take actions which may be considered to have obstructed, impeded, or interfered with the distribution of the census, pursuant to 18 USC Section 231(a)(3), as was provided for his sex offender registry, as this was to maintain his safety. The primary cause for this action taken to the state court: "Howard Griffith v Onondaga County, NY Civil Practice Law and Rules Article 78, SU-2020-005851", was to obtain law [e]nforcement, with regard to the perpetration provided by his landlord and perpetrators on the property of his [shared] policy. Also, with regard to the requirement for "[e]nforcement", [c]ode [e]nforcement was necessary. This included [e]nforcement to obtain corrections for Plaintiff Griffith's address. The primary cause for the action taken to the state court, pursuant to NY Civil Practice Law and Rules Article 78, was not satisfied. Without New York satisfying this remedy, Plaintiff Griffith provided cause for action taken to obtain [e]nforcement, which would include correction of his address, to be obtained to have been provided as a secondary cause, via

**COMPLAINT: 5:20-cv-1312 (GLS/ML)**

injunction, after obtaining a declaration from the United States District Court of the

Northern District of New York to determine his voting rights were being violated

with regard to errors involving the census. Plaintiffs took this action while

providing a motion to obtain a temporary restraining order, as this would have

been necessary to protect their voting rights and personal safety. The Civil Practice

Law and Rules Article 78 petition was initially drafted and provided for Plaintiffs'

landlord, Jan Nastri, as an Arbitration Plaintiff Griffith had prepared as an Arbiter

providing he could take the action to the court if there were any errors with regard

to the policy for his home address, substantive to NY Real Property Law Section

235-b, to provide substance that Plaintiffs would not be subject to any conditions

which would be dangerous, hazardous, or detrimental to his or her life, health or

safety upon the liabilities of his landlord. **(NY Real Property Law Section 235-**

**b[1], "Warranty for Habitability": In every written or oral lease or rental**

**agreement for residential premises the landlord or lessor shall be deemed to**

**covenant and warrant that the premises so leased or rented and all areas used**

**in connection therewith in common with other tenants or residents are fit for**

**human habitation and for the uses reasonably intended by the parties and**

**that the occupants of such premises shall not be subjected to any conditions**

**which would be dangerous, hazardous or detrimental to their life, health or**

**safety...)** (This was substantive to a fundamental remedy provided with regard to

COMPLAINT: 5:20-cv-1312 (GLS/ML)

a conviction prosecuted by the Onondaga County District Attorney, preserving

Plaintiff Griffith could contact the police instead of defending himself.) Errors with

regard to the census (13 USC Section 223: "Refusal, by owners, proprietors, etc.,

to assist census employees") developed the full cause precedent was established

that he could amend the draft to take the action to court, as he presented it with the

action, with the omission provided for his sex offender registry; the nature of the

proceeding fundamental to the "information [   ]" with regard to the Arbitration.

With the State's error with regard to the failure to correct this, it was character that

had been preserved in the nature of the cause which had enabled Plaintiffs to

develop a strategy to have it provided for a procedure in the federal court as

Plaintiffs were going to have to address it with regard to a federal issue involving

violation of voter rights. Plaintiffs were able to demonstrate this with mail-in

ballots being provided for the erroneous address. It was necessary to take action to

the United States District Court of the Northern District of New York to maintain

the remedy regarding Plaintiff Griffith's requirements to have properly handled the

Arbitration as an Arbiter for his own personal safety along with the safety of his

roommate, Plaintiff Rebecca Sklaney.

COMPLAINT: 5:20-cv-1312 (GLS/ML)

## IV. Requested Relief

Declaration determining that the census without the citizenship question needs to

be considered as a "test or device" in determining the eligibility to vote to be

deemed to have been illegally used to obtain absentee, mail-in ballots during the

2020 general election to provide that absentee, mail-in ballots need to be

eliminated to eliminate this procedure for the illegal use of theses tests or devices.

With this proven, injunction could be provided for law enforcement, code

enforcement, to make corrections for their address along with corrections for other

violations of law substantive to their address to correct any irregularities Plaintiffs

had to proceed with upon what was initially demonstrated for the most

fundamental procedures just to maintain their safety as the injunction will have to

be a secondary cause consequential to the Declarations. Requests are made, also, to

obtain a Declaration that Jan Nastri can be fined up to $500 for refusing or

neglecting to furnish the names of the residents at 2903 James Street, Apt. 5,

Syracuse, NY 13206.

COMPLAINT: 5:20-cv-1312 (GLS/ML)

## V. Certification and Closing

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case--related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _March 8, 2021_

_Howard Griffith_

Howard Griffith

**COMPLAINT: 5:20-cv-1312 (GLS/ML)**

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.


**For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case--related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _March 8, 2021_

_Rebecca Sklaney_
Rebecca Sklaney