UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HOWARD GRIFFITH; and
REBECCA SKLANEY,

                          Plaintiffs,

v.                                                                                          5:20-CV-1312
                                                                                            (GLS/ML)
NEW YORK STATE, Attorney General; and
JAN NASTRI, Lessor, Realtor,

                          Defendants.
_____

APPEARANCES:                                                                              OF COUNSEL:

HOWARD GRIFFITH
  Plaintiff, *Pro Se*
2903 James Street, #1R
Syracuse, New York 13206

REBECCA SKLANEY
  Plaintiff, *Pro Se*
2903 James Street, #1R
Syracuse, New York 13206

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* Amended Complaint filed by Howard Griffith and Rebecca Sklaney ("Plaintiffs") to the Court for review. (Dkt. No. 20.) Also before the Court are Plaintiffs' "Petition for Extraordinary Writ" (Dkt. No. 21), "Petition for Rehearing for Petition for Writ of Certiorari" (Dkt. No. 22), and "Petition for Extraordinary Writ – Supplemental Brief" (Dkt. No. 23). For the reasons discussed below, I recommend that Plaintiffs' Amended Complaint be dismissed in its entirety without leave to amend. I also recommend that Plaintiffs' petitions (Dkt. Nos. 21, 22, 23) be stricken from the docket, or in the alternative, denied without prejudice.

**I.    BACKGROUND**

On October 22, 2020, Plaintiffs (who are roommates) attempted to commence this matter by filing a motion for a temporary restraining order (Dkt. No. 1) and a motion for leave to proceed *in forma pauperis* (Dkt. No. 2). On October 27, 2020, Senior United States District Judge Gary L. Sharpe issued an order directing that the case be administratively closed for failure to comply with Fed. R. Civ. P. 3. (Dkt. No. 3.) On November 9, 2020, Plaintiffs filed a Complaint (Dkt. No. 4) and an amended motion to proceed *in forma pauperis* (Dkt. No. 5). On December 15, 2020, Plaintiffs filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging Plaintiff Griffith's 2002 conviction for first degree rape. (Dkt. No. 13.)

On December 28, 2020, I issued my first Order and Report-Recommendation, granting Plaintiffs' motion to proceed *in forma pauperis* and recommending dismissal of the Complaint with leave to amend and dismissal of the petition for a writ of habeas corpus without prejudice. (Dkt. No. 17.) In my Order and Report-Recommendation, I recognized that Plaintiffs' Complaint, while extraordinarily difficult to decipher, appeared to allege that Plaintiff Griffith's sex offender status would somehow impinge upon Plaintiffs' voting and housing rights. (*Id*. at 2.) I also found that, while unclear, Plaintiffs' Complaint appeared to assert claims against the New York State Attorney General and Jan Nastri (collectively, "Defendants"), pursuant to: (1) 52 U.S.C. § 10303; (2) 13 U.S.C. § 223, (3) 34 U.S.C. § 30505; (4) the Fifth Amendment and 42 U.S.C. § 1983; (5) the Ninth Amendment and 42 U.S.C. § 1983; (6) the Tenth Amendment and 42 U.S.C. § 1983; and (7) the Fourteenth Amendment and 42 U.S.C. § 1983. (*Id*.)

Because the allegations in Plaintiffs' Complaint consisted of incoherent, rambling text, I was unable to construe whether Plaintiffs stated any colorable claim against Defendants. I

therefore recommended that the Court dismiss Plaintiffs' Complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2), with leave to amend. (*Id*. at 6-8.)

On May 4, 2021, Judge Sharpe adopted my Order and Report-Recommendation in its entirety. (Dkt. No. 19.) Plaintiffs thereafter filed the Amended Complaint (Dkt. No. 20), a "Petition for Extraordinary Writ" (Dkt. No. 21), and a "Petition for Rehearing for Petition for Writ of Certiorari" (Dkt. No. 22). On June 9, 2021, Plaintiffs filed a "Petition for Extraordinary Writ – Supplemental Brief." (Dkt. No. 23.)

## II.   ALLEGATIONS OF THE AMENDED COMPLAINT

Construed as liberally as possible,[1] the Amended Complaint (much like the original Complaint) is very difficult to interpret. The Amended Complaint contains erratic, unintelligible allegations generally relating to Plaintiff Griffith's sex offender status and United States census information. (*See generally* Dkt. No. 20.) Plaintiffs also reference several New York state civil actions where it appears Plaintiff Griffith was a party. (*Id*.)

In a section of the Amended Complaint titled "Basis for Jurisdiction," Plaintiffs list several sections of the United States Code and certain amendments of the United States Constitution, including: (1) 52 U.S.C. § 10303; (2) 13 U.S.C. § 141; (3) 13 U.S.C. § 223; (4) 13 U.S.C. § 231(a)(3); (5) the Fifth Amendment; (6) the Ninth Amendment; (7) the Tenth Amendment; and (8) the Fourteenth Amendment. *(Id*. at 2.) In a section titled "Requested Relief," Plaintiffs appear to request a "[d]eclaration determining that the census without citizenship question needs to be considered as a "test or device" in determining the eligibility to vote, an "injunction [against] law enforcement[,]" and a "[d]eclaration that Jan Nastri can be

---

[1]   The court must interpret pro se complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

fined up to $500 for refusing or neglecting to furnish the names of the residents at 2903 James Street, Apt. 5, Syracuse, NY 13206." (*Id*. at 6.)

**III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). For the following reasons, I recommend that Plaintiffs' Amended Complaint be dismissed in its entirety.

Plaintiffs' Amended Complaint is type-written and contains numbered sections, including a "Statement of Claim." (Dkt. No. 20 at 2.) However, the allegations contained in the "Statement of Claim" section are unintelligible and do not appear to state any plausible claims against either Defendant. (*Id*.) For example, Plaintiffs allege that "New York State should have been liable for protecting Plaintiff Griffith from Penalties pursuant to N[ew] Y[ork] Correction Law Section 168-t with regard to errors involving the census and invalid identities of people identified as residing in his household." (*Id*. at 2-3.) Plaintiffs also allege that:

> Plaintiff Griffith provided it needed to have been considered for it to have been necessarily appropriate to take actions which may be considered to have obstructed, impeded, or interfered with the distribution of the census, pursuant to 18 USC Section 231(a)(3), as was provided for his sex offender registry, as this was to maintain his safety. The primary cause for this action taken to the state court: "Howard Griffith v. Onondaga County, NY Civil Practice Law and Rules Article 78, SU-2020-005851", was to obtain law [e]nforcement, with regard to the perpetration provided by his landlord and perpetrators on the property of his [shared] policy.

(*Id*. at 3.)

Much like the original Complaint, the Court is unable to meaningfully analyze whether Plaintiffs have pleaded any plausible claims against Defendants in the Amended Complaint. Plaintiffs' Amended Complaint again places an unjustified burden on the Court and would require Defendants to "select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice

and Procedure § 1281, at 365 (1969)). Put differently, the Amended Complaint is "confused, ambiguous, vague, or otherwise unintelligible [such] that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42. As a result, I recommend that the Amended Complaint be dismissed as frivolous. *See Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal.").

## V.  OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Plaintiffs' Amended Complaint, like the original Complaint, again fails to state any non-frivolous claims. Because Plaintiffs have already been granted leave to amend once, I recommend that the Amended Complaint be dismissed without leave to amend. *See Official Comm. of Unsecured Creditors of Color Title, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as "New York*,*"* 162 F.3d 63, 69 (2d Cir. 1998)) (finding that the "District Court did not abuse its discretion in denying [the plaintiff] leave to amend the complaint because there was a 'repeated failure to cure deficiencies by amendments previously allowed.'"); *Georges v. Rathner*, 17-CV-1245, 2017 WL 7244525, at *3 (N.D.N.Y. Dec. 11, 2017) (Stewart, M.J.) (dismissing, without leave to amend,

*pro se* complaint that did not suggest any non-frivolous causes of action), *report and recommendation adopted*, 2018 WL 671248 (N.D.N.Y. Jan. 31, 2018) (Sannes, J.).

## VI.   PLAINTIFFS' PETITIONS

On May 26, 2020, Plaintiffs filed a "Petition for Extraordinary Writ" (Dkt. No. 21) and a "Petition for Rehearing for Petition for Writ of Certiorari." (Dkt. No. 22.) On June 9, 2021, Plaintiffs filed a "Petition for Extraordinary Writ – Supplemental Brief." (Dkt. No. 23.) For the following reasons, I recommend that these petitions be stricken from the docket or denied without prejudice.

While the substance is unclear, the Petition for Extraordinary Writ and Petition for Rehearing for Petition for Writ of Certiorari filed on May 26, 2020 appear as if they were intended to be filed at the United States Supreme Court. (*See generally* Dkt. Nos. 21, 22.) Plaintiffs' third petition, "Petition for Extraordinary Writ – Supplemental Brief," appears to be a supplemental brief associated with one of Plaintiffs' May 26, 2020 petitions. (*See generally* Dkt. No. 23.) In any event, none of these petitions seek relief from this Court, and as a result, fail to comply with Local Rule 7.1(b). I therefore recommend that the Court strike these petitions from the docket. In the alternative, if Plaintiffs intend for these petitions to be construed as an appeal of the Court's May 4, 2021, summary order adopting my first Order and Report-Recommendation, they should be denied without prejudice because no notice of appeal was filed within 30 days of that order. *See* Fed. R. App. P. 4(a)(1)(A).

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Amended Complaint (Dkt. No. 20) in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and it is further respectfully

**RECOMMENDED** that Plaintiff's Petition for Extraordinary Writ (Dkt. No. 21), Petition for Rehearing for Petition for Writ of Certiorari (Dkt. No. 22), and Petition for Extraordinary Writ – Supplemental Brief (Dkt. No. 23) be **STRICKEN** from the docket or **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiffs, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: July 14, 2021
Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).